TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






 ON MOTION FOR REHEARING






NO. 03-06-00709-CR




 

Timothy Franks, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 3032462, HONORABLE DONALD LEONARD, JUDGE PRESIDING






O P I N I O N



We withdraw the opinion and judgment dated December 12, 2006, and substitute the
following to address issues raised in appellant's motion for rehearing.

This case involves the deadline for filing a new notice of appeal in an out-of-time
appeal granted as a result of a post-conviction habeas corpus proceeding. See Tex. Code Crim. Proc.
Ann. art. 11.07 (West 2005).

Timothy Franks was convicted of murder and sentenced to ninety-nine years in prison
on August 5, 2005. Franks did not file a motion for new trial; therefore, the original deadline for filing
a notice of appeal was September 6, 2005. Tex. R. App. P. 4.1(a), 26.2(a)(1). Due to factors beyond
Franks's control, the original notice of appeal was not filed until September 27, 2005. Because this
original notice of appeal was not filed timely, this Court lacked jurisdiction to consider the appeal and
dismissed it for want of jurisdiction on October 20, 2005. Franks v. State, No. 03-05-00670-CR (Tex.
App.--Austin Oct. 20, 2005, no pet.) (not designated for publication).

Franks sought post-conviction habeas corpus relief under article 11.07. On May 10,
2006, the court of criminal appeals granted Franks an out-of-time appeal. Ex parte Franks, No. AP-75,397 (Tex. Crim. App. May 10, 2006) (not designated for publication). The court of criminal
appeals expressly declared in its opinion that the deadline for filing a new notice of appeal in the out-of-time appeal would be "within thirty days after the mandate of this Court has issued." Id. The
court's mandate issued on June 5, 2006. Consequently, the deadline for filing a new notice of appeal
as a part of the out-of-time appeal was July 6, 2006.

Franks did not file a new notice of appeal. Instead, Franks's counsel advised the
district clerk to forward to this Court a copy of the court of criminal appeals's mandate together with
a copy of the original notice of appeal filed in September 2005. The Clerk received and filed these
documents on November 17, 2006. See Tex. R. App. P. 25.2(e). Apparently, the intention was to rely
on the original untimely notice of appeal as the means of perfecting the appeal in the out-of-time
appeal granted by the court of criminal appeals.

When a defendant obtains an out-of-time appeal by means of a writ of habeas corpus,
the relief granted is to return the defendant to the point in the appellate process at which he can
properly give notice of appeal and then perfect an appeal pursuant to the rules of appellate procedure. 
See Ex parte Garcia, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). This is typically done, as it was
in this case, by the court of criminal appeals declaring that a new set of appellate deadlines will begin 

to run as if the defendant's sentence had been imposed on the date of the court's mandate in the habeas
corpus proceeding. If a defendant who is granted an out-of-time appeal wishes to prosecute an
appeal, the defendant must take affirmative steps to perfect the appeal in the same manner as
required had he appealed the conviction in the first instance. Id. The court of criminal appeals
reiterated this procedure in its opinion granting Franks an out-of-time appeal:


Habeas corpus relief is granted and Applicant is granted an out-of-time appeal
from his conviction in cause number 3032462 from the 403rd District Court of Travis
County. The proper remedy in a case such as this is to return Applicant to the point
at which he can give notice of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on
the day that the mandate of this Court issues. We hold that Applicant, should he
desire to prosecute an appeal, must take affirmative steps to see that notice of appeal
is given within thirty days after the mandate of this Court has issued.


Ex parte Franks, No. AP-75,397 (Tex. Crim. App. May 10, 2006) (not designated for publication).

The judgment of the court of criminal appeals granting Franks habeas relief did not
resurrect Franks's original untimely notice of appeal. By its express language, the court of criminal
appeals required Franks to perfect any desired appeal pursuant to the rules of appellate procedure,
including deadlines, based on those deadlines running from the date of the court's mandate. Franks
had thirty days from June 5, 2006, to file a new notice of appeal and perfect his new appeal. He
did not file a new notice of appeal.

In his motion for rehearing, Franks argues that because he was granted an out-of-time
appeal, the September 2005 notice of appeal should now be considered a prematurely filed notice
of appeal within the meaning of appellate rule 27.1(b) and deemed filed on the date of the court of 


criminal appeals's mandate in the habeas corpus proceeding. Rule 27.1(b) provides:


In a criminal case, a prematurely filed notice of appeal is effective and
deemed filed on the day, but after, sentence is imposed or suspended in open court,
or the appealable order is signed by the trial court. But a notice of appeal is not
effective if filed before the trial court makes a finding of guilt or receives a jury
verdict.



Tex. R. App. P. 27.1(b). Franks argues that because the court of criminal appeals's order
expressly returned him "to the point at which he can give notice of appeal," it had the effect
of changing the date sentence was imposed to June 5, 2006. He then reasons that the
previously untimely September 2005 notice of appeal was transformed into a prematurely filed
notice and is effective as of June 5, 2006.

This is an attractive argument insofar as it would avoid further delay of the appeal to
which Franks is plainly entitled. Nevertheless, we are unpersuaded that Rule 27.1(b) operates in
such a fashion. First, the court of criminal appeals ordered Franks to "take affirmative steps to see
that notice of appeal is given within thirty days" after the mandate issued in the habeas corpus
proceeding. The order expressly contemplates future action by Franks to file a notice of appeal
within thirty days after the mandate to perfect his new appeal.

Second, under Rule 27.1(b), a prematurely filed notice of appeal is one that is filed
in the time period after the jury's verdict and before sentence is imposed. Franks's September 2005
notice of appeal was filed after the jury's verdict but also after sentence was imposed. Thus, the
September 2005 notice was not filed in the time period required to make it eligible to be a
prematurely filed notice within the language of the rule. The court of criminal appeals has given
additional direction on the effect of an order granting an out-of-time appeal which supports this view. 
In Mestas v. State, the court noted: "The effect of granting an out-of-time appeal is that it restores the
defendant to the position he occupied immediately after the trial court signed the judgment
of conviction." Nos. PD-1137-05, 1138-05, 1139-05, 2007 Tex. Crim. App. LEXIS 77, at *9
(Tex. Crim. App. Jan. 24, 2007). (1) The position Franks occupied immediately after he was adjudged
guilty and sentence was imposed in open court was that he had not yet filed a notice of appeal or
taken steps to perfect his appeal. Thus, returning him to such a position would mean (1) he would
not have filed a notice of appeal in the time period necessary to make it eligible to be a prematurely
filed notice of appeal, and (2) he would be required to perfect his appeal in the usual way, i.e., by
filing a notice of appeal. This is true notwithstanding that he had filed an untimely and ineffective
notice of appeal while attempting to appeal the first time because he is being returned (conceptually)
to a point in the process before the untimely notice of appeal existed.

Finally, without the filing of a new notice of appeal in a case such as this, the trial
court clerk is not put on notice that there is a new appeal for which a record must be prepared and
forwarded to the appellate court. Without a new notice there is nothing to trigger the appellate
process from an administrative standpoint. The instant cause illustrates this point. The court of
criminal appeals granted Franks an out-of-time appeal on May 10, 2006, and its mandate issued on
June 5, 2006. Nothing happened, however, until November 2006, when Franks's attorney began
wondering about the appeal and contacted the clerk regarding its status. Because no new notice of
appeal was filed, the clerk was not aware that there was a new appeal. At that point, Franks's
attorney informed the clerk that he was relying on the September 2005 notice of appeal. (2) Even if a
clerk becomes aware that the court of criminal appeals has issued an order allowing an out-of-time
appeal in a case, the clerk will not know what the defendant intends to do until he takes some
affirmative action. That affirmative action is to file a new notice of appeal.

Without a timely notice of appeal, we lack jurisdiction to dispose of
this attempted appeal in any manner other than by dismissing it for want of jurisdiction. 
See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.1998); Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). 

The motion for rehearing is overruled and the appeal is dismissed.

 


 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and B. A. Smith*

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: March 2, 2007

Publish

* Before Bea Ann Smith, Justice (retired), Third Court of Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 2005).

1. The rules of appellate procedure use "the day sentence is imposed or suspended in open court"
and "the day the trial court enters an appealable order" to mark the starting points for calculating
appellate deadlines in criminal cases. Tex. R. App. P. 26.2. The court of criminal appeals stated in
Mestas that its opinions granting out-of-time appeals should not be read to conflict with the rules of
appellate procedure. 2007 Tex. Crim. App. LEXIS 77, at *10. Therefore, we conclude that when
Mestas states that an out-of-time appeal has the effect of restoring the defendant "to the position he
occupied immediately after the court signed the judgment of conviction," the court was referring to
the position the defendant occupied immediately after sentence was imposed or suspended in open
court or the appealable order was entered. Similarly, when the court of criminal appeals stated in
its opinion granting Franks this out-of-time appeal that "all time limits shall be calculated as if the
conviction had been entered on the day that the mandate of this Court issues," it meant that the
deadlines were to be calculated as if the day mandate issued was the day sentence was imposed or
suspended in open court. See Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993)
(holding that in appeals from judgments of conviction, appellate deadlines begin on day sentence is
imposed or suspended in open court).
2. Franks states in his motion for rehearing that on June 9, 2006, he orally asked the district clerk
to send this Court another copy of his September 2005 notice of appeal. He concedes that there is
no record of this. This is further evidence of the practical difficulties that would flow from the
application of rule 27.1(b) under these circumstances.