# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00449-CR

**In re A. D. Bowman**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
## NO. 13,395-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On April 4, 2008, the district court entered an order denying A.D. Bowman's third request for appointment of counsel for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2007). As this Court has observed in Mr. Bowman's previous appeals regarding DNA testing and appointment of counsel,[1] an order denying an article 64.01(c) request for appointed counsel is appealable. *See In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *2 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication). The rules of appellate procedure require that the defendant in a criminal case must file his notice of appeal

---

[1] Bowman is currently serving a forty-year sentence imposed following his 1983 conviction for aggravated sexual assault. In February 2006, the district court denied Bowman's first request for appointment of counsel and motion for forensic DNA testing. In its order, the district court recited that after a two-year investigation, it had determined that no biological evidence collected during the investigation of the offense remained in the possession of the district attorney or police department. This Court affirmed the order. *In re Bowman*, No. 03-06-00183-CR, 2006 Tex. App. LEXIS 8902, at *4 (Tex. App.—Austin Oct. 6, 2006, pet. ref'd) (mem. op., not designated for publication). On June 22, 2007, Bowman filed a second request for appointment of counsel for DNA testing. The request was denied by the district court, and this Court again affirmed the district court's order. *In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *5 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication).

within 30 days after the day the trial court enters an appealable order, or within 90 days if the defendant has timely filed a motion for new trial. *See* Tex. R. App. P. 26.2(a); *see also Swearingen v. State*, 189 S.W.3d 779, 780-81 (Tex. Crim. App. 2006) (holding that in appeals brought under chapter 64 of code of criminal procedure, appellant "must meet applicable filing and time requirements found in the Rules of Appellate Procedure."). "A notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim App. 1998).

The record reflects that, on July 14, 2008, Bowman filed a document styled "Amended Notice of Appeal with Request for Certification" in the district court. This date is over one-hundred days after the date of the district court's appealable order. This is the sole notice of appeal in the record. The notice was filed later than any arguably-applicable deadline for Bowman to appeal the order. Bowman did not file with his "Amended Notice" a motion for extension of time. Although Bowman represents in his "Amended Notice" that he "mailed/filed his Notice of Appeal with Request for Filing of Clerk's Record on April 29, 2008," such a document was never received by the district clerk or court as required by the "mailbox rule." *See* Tex. R. App. P. 9.2(b)(1).

Under these circumstances, "we lack jurisdiction to dispose of this attempted appeal in any manner other than by dismissing it for want of jurisdiction." *Franks v. State*, 219 S.W.3d 494, 498 (Tex. App.—Austin 2007, pet. ref'd) (citing *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996)). Accordingly, we dismiss the appeal. We must similarly dismiss Bowman's pending "Motion for Preparation of Complete Clerk's Record."

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   August 29, 2008