Bruce Elliott GIPSON, Appellant

v.

The STATE of Texas, Appellee.

No. 10–08–00232–CR.

Court of Appeals of Texas, Waco.

Oct. 29, 2008.

---

Bruce Elliott Gipson, Tennessee Colony, pro se.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

Before the Court is the State's motion to dismiss this appeal for want of jurisdiction. We will deny the motion.

The Court of Criminal Appeals granted Bruce Elliott Gipson's post-conviction habeas application for an out-of-time appeal by opinion dated April 30, 2008. *See Ex parte Gipson*, No. AP–75,907, 2008 WL 1930672 (Tex.Crim.App. Apr.30, 2008) (per curiam) (not designated for publication). In the final paragraph of this opinion, the Court stated:

> Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 27523CR from the 40th Judicial District Court of Ellis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

*Id.*, 2008 WL 1930672, at *1.

Gipson filed his notice of appeal on May 19, but the Court of Criminal Appeals did not issue its mandate until May 27.

The State contends in its dismissal motion that Gipson's notice of appeal is not effective because it does not comport with the opinion of the Court of Criminal Appeals and it does not qualify as a prematurely filed notice of appeal under Rule of Appellate Procedure 27.1(b). *See* Tex. R.App. P. 27.1(b). The State relies on the decision of the Austin Court of Appeals in *Franks v. State*, 219 S.W.3d 494 (Tex.App.-Austin 2007, pet. ref'd). However, Gipson's case is different.

In *Franks*, the Court of Criminal Appeals issued a similar opinion granting the appellant an out-of-time appeal. *Id.* at 496 (quoting *Ex parte Franks*, No. AP–75,397, 2006 WL 1250494 (Tex.Crim.App. May 10, 2006) (per curiam) (not designated for publication)). However, the appellant did not file a notice of appeal after the Court of Criminal Appeals issued its opinion. Instead, his attorney argued that the original notice of appeal should be treated as a prematurely filed notice under Rule 27.1(b). *Id.* The Austin Court of Appeals rejected this argument for three reasons:

- the opinion of the Court of Criminal Appeals "expressly contemplate[d] future action by Franks to file a notice of appeal";

- under Rule 27.1(b), a prematurely filed notice of appeal is one filed between conviction and imposition of sentence, yet Franks's original notice of appeal

was filed after imposition of sentence; and

· the trial court clerk was not put on notice that there was a new appeal without a new notice of appeal and so "there [wa]s nothing to trigger the appellate process from an administrative standpoint."

*Id.* at 497–98.

Here, the first and last concerns are satisfied because Gipson did file a new notice of appeal. With regard to the second concern, we begin with Rule 27.1(b) which provides:

In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

Tex.R.App. P. 27.1(b).

The Court of Criminal Appeals has explained that the granting of an out-of-time appeal "restores the defendant to the position he occupied immediately after the trial court signed the judgment of conviction." *Mestas v. State,* 214 S.W.3d 1, 4 (Tex. Crim.App.2007). The Court further observed that the language of its opinions granting an out-of-time appeal "should not be read to conflict with the Rules of Appellate Procedure" but "should be construed broadly enough to give effect to the Rules of Appellate Procedure that cover unforeseen situations that may arise." *Id.*

The Austin Court construed the language in the opinion of the Court of Criminal Appeals that the defendant was restored "to the position he occupied immediately after the trial court signed the judgment of conviction" to refer to the position the defendant occupied immedi-

ately after imposition or suspension of sentence. *Franks,* 219 S.W.3d at 497 n. 1. The Austin Court construed the statement that appellate deadlines should be calculated "as if the conviction had been entered on the day that the mandate of this Court issues" to likewise refer to the date of sentencing. *Id.*

Here, however, the language used in the opinion of the Court of Criminal Appeals in Gipson's case regarding the effect of the mandate is different than the language used in Franks's case. The language in the present case is that appellate deadlines should be calculated *"as if the sentence had been imposed* on the date on which the mandate of this Court issues." *Gipson,* 2008 WL 1930672, at *1 (emphasis added).

■ Therefore, construing the language of the Court of Criminal Appeals opinion "broadly enough to give effect to the Rules of Appellate Procedure that cover unforeseen situations that may arise" (such as Rule 27.1(b)), we hold that the date that Court's opinion issued should be considered the date of the verdict of guilt (*i.e.,* "the judgment of conviction"), while the date the mandate issued should be considered the date of imposition of sentence. *See Mestas,* 214 S.W.3d at 4.

■ Gipson filed his notice of appeal after the Court of Criminal Appeals issued its opinion but before it issued its mandate. Therefore, his notice of appeal was filed before sentencing but after the finding of guilt. Accordingly, it qualifies as a prematurely filed notice of appeal under Rule 27.1(b) which "is effective and deemed filed on the same day, but after, sentence is imposed." Tex.R.App. P. 27.1(b).

For these reasons, we deny the State's motion to dismiss.

Chief Justice GRAY agrees to deny the motion to dismiss. He does not join the "order" otherwise.