Opinion issued April 14, 2011

 

 



 

 

 

 

 

 

 

 

 

 

              

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-09-01018-CR

____________

 

CLEMMIE ELNORA ST. AMAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1182011

 

 



MEMORANDUM OPINION

A jury convicted appellant, Clemmie Elnora St. Amand, of the third-degree-felony
offense of assault of a public servant, and the trial court assessed punishment
at two years’ confinement, suspended for two years of community supervision,
and a $500 fine.  The State has moved to
dismiss the appeal for lack of jurisdiction. 
We dismiss.  

          Generally,
a notice of appeal must be filed within thirty days after the day the sentence
is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(1).  If a motion for new trial is timely filed,
the notice of appeal must be filed within ninety days after the day the sentence
is imposed or suspended in open court.  Tex. R. App. P. 21.4, 26.2(a)(2).  The time to file the notice of appeal may be
extended if, within fifteen days after the deadline for filing the notice of
appeal, the appellant files a motion for extension of time.  Tex.
R. App. P. 10.5(b), 26.3.   

          Rule
9.2 of the Rules of Appellate Procedure provides that a document received
within 10 days after the filing deadline is considered timely filed if (1) it
was sent to the proper clerk by United States Postal Service first-class,
express, registered, or certified mail; (2) it was placed in an envelope
properly addressed and stamped; and (3) it was deposited in the mail on or
before the last day for filing.  Tex. R. App. P. 9.2 (“the mailbox
rule”); see Campbell v. State, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010)
(applying mailbox rule).  

          Appellant’s
sentence was imposed on July 15, 2009. 
Therefore, the deadline to file a motion for new trial was August 14,
2009.  See Tex. R. App. P.
21.4(a).  The clerk’s record reflects
that, on the last day for filing (August 14, 2009), appellant mailed her motion
for new trial by certified mail to the Harris County District Clerk.  See Tex. R. App. P. 9.2.  The district clerk file-stamped the motion
for new trial on August 20, 2009, which was within 10 days of the August 14,
2009 deadline to file the motion.  See id. 
Hence, appellant’s motion for new trial was timely filed. See Tex.
R. App. P. 9.2(b)(1).

          Because
appellant’s motion for new trial was timely filed, it extended the appellate
timetable to ninety days after the day the sentence was imposed and, therefore,
appellant’s notice of appeal was due on October 13, 2009.  See
Tex. R. App. P. 26.2(a)(2).  Almost a month later, on November 11, 2009, appellant
filed a notice of appeal and a motion for extension of time to file the notice
of appeal.  Because the notice of appeal and
motion for extension were untimely filed, this Court lacks jurisdiction over
the appeal.  See Tex. R. App. P.
25.2(b); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996) (holding that, without timely filed notice of
appeal or motion for extension of time, court cannot exercise jurisdiction over
appeal).

 

          Appellant
contends that the trial court granted her application for habeas corpus relief
under Texas Code of Criminal Procedure article 11.05[1]
and allowed her to file an out-of-time notice of appeal.  The clerk’s record contains an order from the
trial court granting habeas relief in the form of an out-of-time appeal.  The State contends that only the appellate
court, and not the trial court, had the authority to extend the time to file
the notice of appeal and that the record does not contain the application for
habeas relief, or reflect that a hearing was held on the application.

          Texas
Code of Criminal Procedure article 11.072 allows an application for
post-conviction writ of habeas corpus in a felony or misdemeanor case in which
the applicant, as here, seeks relief from an order or judgment of conviction
ordering community supervision.  See Tex.
Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005).  The application must be made to the trial
court in which community supervision was imposed.  See id.
§ 2.  At the time the application is
filed, the applicant must be, or have been, on community supervision, and the
application must challenge the legal validity of (1) the conviction or (2) the
conditions of community supervision.  Id. 
A hearing is not required.  See id. § 6.  
Unless the trial
court finds from the face of the application, and any attached documents, that
the applicant is manifestly entitled to no relief, the court must enter a
written order that includes findings of fact and conclusions of law. See id.
§ 7(a).  

          Appellant’s application is not in the
record before us.  On February 19, 2010,
the trial court signed an order granting the application and stating that
appellant “is allowed to file a notice of appeal out of time.”          

When a defendant obtains an out-of-time appeal via an application for writ
of habeas corpus, the relief granted puts the defendant back in the position to
file a notice of appeal. See, e.g., Ex parte Garcia, 988 S.W.2d 240, 241
(Tex. Crim. App. 1999); Franks v. State,
219 S.W.3d 494, 496–97 (Tex. App.—Austin 2007, pet. ref’d).  The defendant must then take affirmative
steps to perfect an appeal. See Franks,
219 S.W.3d at 496.  The granting of an
out-of-time appeal does not resurrect a previously filed notice of appeal that
has already been determined to be untimely. 
See id.

Appellant had thirty days from February 19, 2010 to file a notice of
appeal. Because she did not do so, there is not a timely notice of appeal
before the Court.  Therefore, we do not
have jurisdiction over the appeal.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998); Olivo, 918
S.W.2d at 523. 

 

 

          Accordingly,
we grant the State’s motion and dismiss the appeal for want of jurisdiction.  All other pending motions are dismissed as
moot.

          

 

 

 

Evelyn
V. Keyes

                                                                   Justice

 

Panel consists of Justices Keyes,
Sharp, and Massengale.

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
             Article
11.05 provides, “The Court of Criminal Appeals, the District Courts, the County
Courts, or any judge of said Courts, have power to issue the writ of habeas
corpus; and it is their duty, upon proper motion, to grant the writ under the
rules prescribed by law.”  See Tex.
Code Crim Proc. Ann. art. 11.05 (Vernon 2005).