TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00638-CR






William Christopher Lloyd, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 68452, HONORABLE JOE CARROLL, JUDGE PRESIDING





O R D E R


PER CURIAM

 Appellant William Christopher Lloyd seeks to appeal a judgment of conviction
for possession of a controlled substance of one gram or more but less than four grams. On
November 16, 2011, this Court dismissed the appeal for want of jurisdiction. The dismissal was
based on the district court's signed certification indicating that this was a plea-bargain case and that
Lloyd had no right of appeal. This Court's mandate issued on February 15, 2012.

 On January 2, 2013, this Court received correspondence from the district court
regarding the appeal. In the letter, the district court informs us that it is "trying to fix a problem
caused by [its] error." According to the district court,


On September 1, 2011, I heard the punishment stage in the above case. It was not a
plea bargain. However, the defendant signed and filed a Waiver of Appeal, which
I accepted. Also, the defendant filed a signed certificat[ion] of no right of appeal
which form recites that the case was a plea bargain. I mistakenly accepted and signed
the certificat[ion]. Subsequently, I told the defendant in open court, on the record,
that I would give him permission to appeal.


He wrote me from prison on January 15, 2012, informing me he wanted to appeal and
reminding me I had told him he could. My notes at the time reflect I researched his
file and determined he was correct. I resolved to correct the error so he could appeal.



 However, our plenary power over this appeal has expired, and we can no longer
vacate or modify our judgment dismissing the appeal. See Tex. R. App. P. 19.1, 19.3. Lloyd's
remedy must instead lie through an application for a post-conviction writ of habeas corpus seeking
an out-of-time appeal. See Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012). (1)

 It is ordered on January 11, 2013.



Before Chief Justice Jones, Justices Pemberton and Field

Do Not Publish

1. The application must be filed with the clerk of the court in which the conviction being
challenged was obtained, and the clerk shall assign the application to that court. See Tex. Code
Crim. Proc. Ann. art. 11.07, § 3 (West Supp. 2012). When the application is received by that court,
a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law.
Id. When a defendant obtains an out-of-time appeal by means of a writ of habeas corpus, the relief
granted is to return the defendant to the point in the appellate process at which he can properly
give notice of appeal and then perfect an appeal pursuant to the rules of appellate procedure. Franks
v. State, 219 S.W.3d 494, 496 (Tex. App.--Austin 2007, pet. ref'd) (citing Ex parte Garcia,
988 S.W.2d 240, 241 (Tex. Crim. App. 1999)).