

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00246-CR

HARRY LEWIS DUNNO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Harry Lewis Dunno seeks to appeal from a conviction that the trial court has vacated. For the reasons stated below, we dismiss the appeal.

On May 22, 2013, appellant filed a notice of appeal from the trial court's May 16, 2013 judgment that convicted him of failure to identify.[2] A week later,

----

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.02(b), (d)(2) (West 2011).

we sent appellant a letter explaining that we had received a certificate stating that he had entered into a plea bargain agreement and had no right of appeal. Thus, we told appellant that if he did not file a response showing grounds for continuing the appeal, it could be dismissed.

After appellant filed a motion to continue the appeal, we were informed that the trial court had vacated its May 16, 2013 judgment and that through another plea bargain, the trial court had entered a new judgment of conviction on June 27, 2013. On July 17, 2013, we sent appellant a letter stating that we had not received a notice of appeal from the June 27, 2013 conviction and that we were concerned that we lacked jurisdiction over the only appeal pending in this court, from the May 16, 2013 judgment, because it had been vacated. We informed appellant that unless he filed a response to our letter by July 29, 2013 showing grounds for continuing the appeal, we could dismiss it. Appellant has not responded to our letter.

When the trial court vacated its May 16, 2013 judgment, it rendered appellant's appeal from that judgment moot. *See Evans v. State*, No. 01-12-00520-CR, 2012 WL 6208300, at *1 (Tex. App.—Houston [1st Dist.] Dec. 13, 2012, no pet.) (mem. op., not designated for publication); *Waller v. State*, 931 S.W.2d 640, 643–44 (Tex. App.—Dallas 1996, no pet.). Also, appellant has not properly appealed from the June 27, 2013 judgment, nor has he expressed any desire to appeal from it. *See* Tex. R. App. P. 27.1(b); *Franks v. State*, 219 S.W.3d 494, 497–98 (Tex. App.—Austin 2007, pet. ref'd). Therefore, we hold

that we do not have jurisdiction over this moot appeal, and we dismiss it. *See* Tex. R. App. P. 43.2(f); *Ex parte Putnam*, 456 S.W.2d 916, 916 (Tex. Crim. App. 1970); *Cortez v. State*, No. 02-11-00027-CR, 2012 WL 117989, at *1 (Tex. App.—Fort Worth Jan. 12, 2012, no pet.) (mem. op., not designated for publication) (dismissing an appeal when after a defendant filed a notice of appeal, the trial court granted a motion for new trial, convicted the defendant a second time, and the defendant did not appeal from the second conviction).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 19, 2013