**Order filed August 25, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00313-CR & 11-15-00314-CR

_____

## IVAN GARAY LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR21310 & CR21461**

### O R D E R

Appellant has filed in this court a motion to abate these appeals and remand the causes to the trial court for a hearing on Appellant's motion for new trial. We grant Appellant's motion to abate.

The record on appeal shows that, in an opinion issued on November 25, 2015, the Court of Criminal Appeals determined that Appellant was entitled to file an out-of-time appeal in these causes and that "[a]ll time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues."

Appellant filed his notice of appeal in each cause on December 3, 2015, prior to the December 21, 2015 issuance of mandate by the Court of Criminal Appeals. On January 20, 2016, Appellant filed a motion for new trial in each cause. Shortly thereafter, the trial court entered an order by which it denied Appellant's motion for new trial in both causes. In that order, the trial court stated:

> The order granting habeas relief allowed [Appellant] to file an out of time appeal. He was directed to file written notice of appeal in the trial court within 30 days of the date the mandate was issued. The mandate was issued on December 21[], 2015. [Appellant] filed his notice of appeal with the trial court . . . on December 3[], 2015. These matters have been docketed with the Court of Appeals . . . and assigned case numbers . . . . Therefore, these matters are before the Court of Appeals and the Clerk's Record and Reporter's Record are due for filing in the Court of Appeals on or before February 19, 2016. Therefore, after due consideration, the Court is of the opinion that the Motion should be DENIED and it is so ORDERED.

The trial court erred by refusing to consider the merits of Appellant's motion for new trial. First, a trial court retains jurisdiction in a criminal case—except as provided otherwise by law—until the appellate record is filed in the court of appeals. TEX. R. APP. P. 25.2(g). Additionally, a trial court has seventy-five days from the date of sentencing to act on a timely filed motion for new trial. TEX. R. APP. P. 21.6. Second, Appellant's notice of appeal was timely filed in each cause. Appellant's premature notice of appeal complied with the directive of the Court of Criminal Appeals to "file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues," even though the notice of appeal was filed prior to the mandate of the Court of Criminal Appeals. *See* TEX. R. APP. P. 27.1(b); *Gipson v. State*, 268 S.W.3d 862, 864 (Tex. App.—Waco 2005, order) (holding under similar circumstances that the notice of appeal qualified as an effective, prematurely filed notice of appeal). Third, when an out-of-time appeal is granted by the Court of Criminal Appeals, the case is returned to the position "occupied immediately after

2

the trial court signed the judgment of conviction": a point at which a notice of appeal and a motion for new trial may both be filed. *Mestas v. State*, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007). Appellant timely filed his motion for new trial in each cause. *See* TEX. R. APP. P. 21.4(a); *see also Mestas*, 214 S.W.3d at 4.

Accordingly, we hold that the trial court abdicated its fact-finding function and denied Appellant a meaningful appellate review of any issue related to the motion for new trial and that the trial court abused its discretion when it denied Appellant's motion for new trial without considering its merits or conducting a hearing thereon. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985). An appropriate remedy in such a situation is to abate the appeal and remand the cause to the trial court to permit the trial court to hold a hearing on the motion for new trial. *Id.* at 660–61; *Taylor v. State*, 163 S.W.3d 277, 281–84 (Tex. App.—Austin 2005, pet. dismissed).

Accordingly, we abate the appeals and remand the causes to the trial court. The trial court is directed to consider the merits of Appellant's motion for new trial in each cause. The clerk of the trial court is directed to forward to this court a supplemental clerk's record containing a copy of any order entered by the trial court with respect to the motion for new trial. The court reporter is directed to prepare a record of any hearing that may be held with respect to the motion for new trial. The supplemental records shall be filed in this Court on or before September 19, 2016. The appeals will be reinstated when the supplemental records are filed in this court.

PER CURIAM

August 25, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.