

IN THE
TENTH COURT OF APPEALS

No. 10-15-00263-CR

FERNANDO SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. 20141

O P I N I O N

Fernando Smith pled guilty to the offense of Assault by Occlusion. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B) (West 2011). The trial court deferred a finding of guilt and placed Smith on deferred adjudication community supervision for five years. Ultimately, the trial court adjudicated Smith guilty and sentenced him to prison for five years. Five months later, the trial court granted Smith's motion for "shock probation" and returned Smith to community supervision for two years. After reviewing the record and case law, we dismiss this appeal for want of jurisdiction.

**BACKGROUND**

After several modifications to Smith's community supervision, including an extension of supervision for an extra year, the State filed a Motion to Adjudicate Guilt and Revoke Community Supervision. A contested hearing was held over a period of several days, and on May 29, 2015, the trial court found Smith violated three terms of his community supervision, adjudicated Smith guilty, and sentenced Smith to five years in prison. Smith timely filed a motion for new trial and a notice of appeal to this judgment. We received this notice of appeal on July 28, 2015 and docketed it as case number 10-15-00263-CR.

Five months after Smith was sentenced, and three months after the appeal was docketed, the trial court, on Smith's motion, placed Smith on community supervision, probated his five year sentence for two years, and continued the pervious terms and conditions including any monetary amounts owed.[1] A new judgment was prepared and signed by the trial court on October 14, 2015. No new notice of appeal from this judgment was filed.

This case has been pending for quite some time. Briefing was completed and the appeal was placed at issue in late May of 2016. We note that in his appellate brief, Smith

---

[1] This action is termed "shock probation" and is authorized by Article 42.12, sec. 6 of the Texas Code of Criminal Procedure. This case is, however, the only case we have been able to find in which there was effectively a new sentencing hearing and an entirely new and complete judgment signed by the trial court rather than merely an order that suspended the sentence set out in the prior judgment and enunciated the conditions of community supervision. This makes the issues cleaner and easier to address and very different from the issue as addressed in *Shortt v. State,* No. 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App.—Dallas May 12, 2015, pet. granted) and the first issue in the petition for discretionary review in that appeal which is currently pending before the Court of Criminal Appeals.

does not contest his conviction. Rather, he contests the amount of restitution ordered in the conditions of community supervision imposed by the trial court's October 2015 shock probation judgment and two alleged typographical "errors" in that same judgment. This is not the judgment from which Smith appealed.

### NOTICE OF APPEAL

We questioned our jurisdiction because no new notice of appeal of the "shock probation" judgment was filed. In response, Smith argues that he was not required to file a notice of appeal of the shock probation judgment citing *Perez v. State* and a later case, *Dodson v. State. See Perez v. State*, 938 S.W.2d 761, 763 (Tex. App.—Austin 1997, pet. ref'd); *see also Dodson v. State*, 988 S.W.2d 833, 834 (Tex. App.—San Antonio 1999, no pet.). In both cases, after determining the courts did not have jurisdiction of an order granting or denying shock probation, the courts determined the notices of appeal were untimely.

In *Perez*, Perez was convicted and sentenced to 10 years in prison. After the trial court suspended the further imposition of the sentence and placed him on community supervision, Perez attempted to appeal one of those terms of community supervision. On appeal, the court of appeals held that if it were considering the appeal as one from the judgment of conviction, it was untimely. *Perez*, 938 S.W.2d at 763. It reasoned that the conditions of community supervision were not a necessary part of the judgment in the case because section 6(a) of article 42.12 of the Texas Code of Criminal Procedure (the shock probation statute) first required the trial court to impose a sentence before it could consider a motion to suspend the execution of the sentence. *Id.* Thus, it concluded, the time to perfect the appeal ran from the date the sentence was imposed, not from the date

the defendant was informed of the conditions of community supervision. The court in *Dodson* followed *Perez*. We have not found another case that has followed either of these cases for this proposition.

Smith further argues that his notice of appeal should be considered a premature notice of appeal. *See* TEX. R. APP. P. 27.1(b). He contends that a prematurely filed notice of appeal could be one that is filed between the conviction and the suspension of the sentence. However, a prematurely filed notice of appeal has been held to be one that is filed in the time period after the jury's verdict and before sentence is imposed. *Franks v. State*, 219 S.W.3d 494, 497 (Tex. App.—Austin 2007, pet. ref'd). This holding is consistent with the Rules of Appellate Procedure. TEX. R. APP. P. 27.1(b) ("…a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court…."). We are not inclined to interpret the rule as broadly as Smith argues.

### APPEAL OF SHOCK PROBATION AND RELATED JUDGMENT

The State argues that regardless of whether Smith's notice of appeal is timely as to the imposition of shock probation, we do not have subject-matter jurisdiction of this appeal.[2] The standard to determine whether an appellate court has jurisdiction to hear and determine a case is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012);

---

[2] In conjunction with filing its brief, the State filed a motion to dismiss asserting we lack jurisdiction to consider Smith's appeal, and Smith responded to the motion. We have considered both in resolving this appeal.

*Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Thus, the State's argument is that because there is no statutory authority which authorizes an appeal from the imposition of shock probation pursuant to article 42.12, section 6 of the Texas Code of Criminal Procedure, we must dismiss the appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West 2006); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd) (dismissing appeal for lack of jurisdiction because defendant cannot appeal an order granting shock probation); *Pippin v. State*, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.) (no jurisdiction to contest conditions of order granting shock probation or denial of ); *see also Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979) (dismissing appeal of order denying motion for shock probation); *Roberts v. State*, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940 (Tex. App.—San Antonio Nov. 10, 2010, pet. ref'd) (not designated for publication) (dismissing appeal of order altering and amending terms and conditions of shock probation); *Thursby v. State*, 05-94-01772-CR, 1997 Tex. App. LEXIS 4378, (Tex. App.—Dallas Aug. 20, 1997, pet. ref'd) (not designated for publication) (no ability to attack order granting shock probation on appeal of judgment revoking shock probation).

The cases the State relies on to assert that no appeal may be taken from shock probation do not apply to the situation presented in this appeal. In those cases, it was the decision to grant or deny shock probation or the decision to amend the conditions of shock probation that was the subject of the appeal or an issue on appeal. Those actions of the trial court are not ones for which the statute authorizes an appeal. That does not mean, however, the actual judgment rendered by the trial court after granting a motion

for shock probation cannot be appealed. It is a criminal judgment; and like any other criminal judgment which finds the defendant guilty and imposes a sentence, it can be appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 26.2(a).

A defendant has no way to determine if a motion for shock probation will be granted. Thus, the defendant necessarily must be cautious and file a notice of appeal if the defendant has a complaint about the trial court's first/original judgment. In this case, that is exactly what Smith did by filing a notice of appeal of the May 29, 2015 judgment.

If a defendant's motion for shock probation is granted, as in this case, and it results in a new judgment and conditions of community supervision, the appeal of the first/original judgment is moot. Any complaint about the shock probation judgment will be the subject of an appeal about that judgment. But to complain about that judgment, a defendant must file a notice of appeal directed at the new judgment.

In this proceeding, Smith took the cautious route and filed a notice of appeal on the May 29, 2015 judgment. And when his motion for shock probation was granted and a new judgment was rendered on October 14, 2015, the appeal of the May 29, 2015 judgment was rendered moot. But Smith failed to file a notice of appeal to complain about the October 14, 2015 judgment. As is evident from the briefs already on file, it is the October 14, 2015 judgment about which Smith expressly complains—specifically the amount of restitution ordered and whether the judgment contains some typographical errors.

**CONCLUSION**

Smith's appeal of the May 29, 2015 judgment is dismissed because that judgment

was rendered moot by the October 14, 2015 judgment. We have no notice of appeal from the October 14, 2015 judgment, and the time to file a notice of appeal has long since passed. Accordingly, we have no jurisdiction of the complaints raised by Smith, and this appeal is dismissed.[3]


                      TOM GRAY
                      Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Appeal dismissed
Motion dismissed as moot
Opinion delivered and filed April 26, 2017
Publish
[CR25]



---

[3] Because we dismissed this appeal on grounds other than those raised by the State in its motion to dismiss, the State's motion to dismiss is dismissed as moot.