

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00376-CR

**JESSE GALINDO DELAFUENTE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2016-419-C1

## MEMORANDUM OPINION

In this appeal, Jesse Galindo Delafuente, challenges his conviction for evading arrest or detention with a vehicle.  *See* TEX. PENAL CODE ANN. § 38.04 (West 2016).  The record reflects that the trial court entered its original judgment of conviction on October 31, 2016, which indicated that appellant received a ten-year prison sentence.  On November 8, 2016, appellant filed his notice of appeal, challenging the October 31, 2016 judgment.

However, on January 5, 2017, appellant filed a "Motion for Imposition of Sentence of Shock Probation." The trial court granted appellant's request for shock probation and entered a new judgment on February 20, 2017, reflecting as such. The new judgment suspended appellant's original ten-year prison sentence and placed him on "regular probation" for ten years. Thereafter, on May 2, 2017, Appellant filed a new notice of appeal, complaining about the trial court's February 20, 2017 judgment.

As shown above, the trial court entered two judgments in this case with the February 20, 2017 judgment rendering the October 31, 2016 judgment moot. *See Smith v. State*, 518 S.W.3d 641, 644 (Tex. App.—Waco 2017, pet. granted) ("In this proceeding, Smith took the cautious route and filed a notice of appeal on the May 29, 2015 judgment. And when his motion for shock probation was granted and a new judgment was rendered on October 14, 2015, the appeal of the May 29, 2015 judgment was rendered moot."); *see also Parker v. State*, No. 01-15-00334-CR, 2015 Tex. App. LEXIS 9586, at *4 (Tex. App.—Houston [1st Dist.] Sept. 10, 2015, no pet.) (mem. op., not designated for publication) ("Thus, although this Court initially had jurisdiction over the appeal from the March 20, 2015 judgment imposing state jail confinement, that judgment was rendered moot by the July 29, 2015 judgment granting shock probation, over which we lack jurisdiction." (internal citations omitted)). Accordingly, it is of no consequence that appellant timely filed a notice of appeal with respect to the trial court's original October 31, 2016 judgment because that judgment was rendered moot when the trial court entered

its February 20, 2017 judgment. *See Smith*, 518 S.W.3d at 644; *see also Parker*, 2015 Tex. App. LEXIS 9586, at *4. Instead, we look to the trial court's February 20, 2017 judgment and the corresponding notice of appeal in analyzing this case. *See Smith*, 518 S.W.3d at 644; *see also Parker*, 2015 Tex. App. LEXIS 9586, at *4.

Pursuant to Texas Rule of Appellate Procedure 26.2(a)(1), appellant's notice of appeal was due within thirty days of February 20, 2017. *See* TEX. R. APP. P. 26.2(a)(1) ("The notice of appeal must be filed . . . within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order."). Appellant did not file his notice of appeal in this case until May 2, 2017, more than a month after it was due under Rule 26.2(a)(1). *See id.*; *see also Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) (noting that a defendant's notice of appeal is timely if filed within thirty days after the date the sentence is imposed or suspended in open court).

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (internal footnotes omitted); *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (noting that a timely notice of appeal is necessary to invoke a court of appeals' jurisdiction).

Because appellant filed his notice of appeal more than a month after the time it was due, we have no choice but to dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1); *see also Castillo*, 369 S.W.3d at 198; *Olivo*, 918 S.W.2d at 522; *Smith*, 518 S.W.3d at 644 ("Smith's appeal of the May 29, 2015 judgment is dismissed because that judgment was rendered moot by the October 14, 2015 judgment."). Accordingly, we hereby dismiss this appeal.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray concurring with a note)*
Dismissed
Opinion delivered and filed June 27, 2018
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's opinion and judgment. He presents this concurring note to point out that, although the Court of Criminal Appeals in *Shortt v. State*, 539 S.W.3d 321 (Tex. Crim. App. 2018) referred to a shock probation "order," what is present in this case, as was also present in *Smith v. State*, 518 S.W.3d 641 (Tex. App.—Waco 2017, pet. granted), is two complete and different judgments of conviction signed by the trial court. This is not an attempted appeal of an order that merely grants a motion for shock probation. It is an attempted appeal of the complete, separate, and free-standing judgment of conviction and placement of defendant on community supervision-probation, which sets out the terms and conditions of that probation. With these comments and observation, he concurs in the Court's opinion. A separate opinion will not issue.)

