NO. 07-09-0331-CR, 07-09-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 18, 2009
_____

HAROLD ERIC HAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3477; HONORABLE STUART MESSER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER**

Appellant Harold Eric Ham filed a notice of appeal on October 8, 2009, challenging his conviction and sentence in the underlying case. The appeal was assigned case number 07-09-0331-CR. On December 3, the clerk of the trial court filed in this Court a request for extension of time to file the clerk's record on the ground that on November 19, the trial court determined that appellant was not indigent. Appellant filed a notice of appeal on November 19, challenging the trial court's "indigency determination." The notice was filed in this Court on December 3, and assigned case number 07-09-0385-CR.

An appeal from an order denying a Rule 20.2[1] motion for a record at State expense is ancillary to the appeal challenging a judgment of conviction and punishment. *See In the Matter of the Marriage of Gary,* No. 07-01-0466-CV, 2002 Tex. App. Lexis 5749, at *7 (Tex.App.–Amarillo August 7, 2002, order) (civil case proceeding under Rule 20.1). A separate notice of appeal challenging an order denying an indigence determination in the case is not necessary. *Id.; Ramirez v. State,* Nos. 04-00-00031-CR, 04-00-00037-CR, and 04-00-00199-CR, 2000 WL 794157, at *1 (Tex.App.–San Antonio June 21, 2000, order) (not designated for publication) (stating separate notice of appeal is not required to obtain review of a trial court order denying a record at State expense). Accordingly, on our own initiative, we will dismiss appellate cause number 07-09-0385-CR as moot, and address appellant's indigence in number 07-09-0331-CR.

Cause number 07-09-0331-CR is abated with the following exception and instructions. Pursuant to Rule 34.5(c)(1), the clerk of the trial court is directed to prepare a record containing the motion and affidavit filed by appellant requesting a record at State expense, the order of the trial court ruling on the motion, any findings of fact and conclusions of law pertaining to the motion or the alleged indigence of appellant, and any other documents pertaining to the alleged indigence of appellant. Pursuant to Rule 34.6(d), the court reporter is directed to prepare a reporter's record of all hearings addressing appellant's motion for a record at State expense or claimed indigence. *See In re Arroyo,* 988 S.W.2d 737, 739 (Tex. 1998) (orig. proceeding) (appellate court may on its own initiative apply Rules 34.5(c)(1) and 34.6(d) to obtain preparation by clerk and court

---

[1] Tex. R. App. P. 20.2.

2

reporter of portions of record necessary to review order denying indigence status); Tex. R. App. P. 34.5, 34.6.

The clerk's record and reporter's record prepared according to this order shall be filed with the clerk of this Court no later than January 8, 2010. Within thirty days from the date the clerk's and reporter's records we have ordered both are filed, appellant shall file a brief with the clerk of this Court addressing his contention the trial court erred in denying his request for a record at State expense. The State's brief in response to appellant's brief shall be due thirty days from the date appellant's brief is filed. The abatement shall otherwise remain until further order of this Court.

The appeal pending as number 07-09-0385-CR is dismissed. The Court's previous instruction to appellant to file a docketing statement in 07-09-0385-CR is vacated.

It is so ordered.

Per Curiam

Publish.