

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00524-CR

MATTHAN ETHRIDGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Garza County, Texas
Trial Court No. 10,707, Honorable John Lee Norman, Presiding

September 5, 2013

## ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Matthan Ethridge, was convicted in the County Court of Garza County of the offense of driving while intoxicated, a class B misdemeanor, and sentenced to serve ninety-six hours in the Garza County Jail.[1]   He filed a *pro se* notice of appeal from said conviction on September 20, 2012.

---

[1] See TEX. PENAL CODE ANN. § 49.04(a), (b) (West Supp. 2012).

Procedural History

Following appellant's conviction but prior to filing his notice of appeal, appellant filed in the trial court a motion seeking appointed counsel for appeal and preparation of the appellate record free of charge. Following a hearing held on October 11, 2012, the trial court denied appellant's motion by order dated December 3, 2012.

The Clerk of this Court received the clerk's record in this cause and, subsequently, other submissions relating to a purported appeal from the trial court's indigence determination. Following our Clerk's Office's careful review of the record, it determined that another *pro se* "notice of appeal" had been filed, this one entitled "Notice of Appeal of Trial Court's Ruling on Indigency," filed December 19, 2012, and, indeed, purporting to appeal the trial court's indigence determination which formed the basis of the trial court's December 3rd order denying appellant's motion for appointed counsel and a free record.

After counsel, representing appellant *pro bono* for the limited purpose of appealing the indigence determination, filed in this Court appellant's "Motion to Abate Appeal" and "Motion for Preparation of Record," indicating the appellant wished to appeal the trial court's denial of appellant's motion for appointed counsel and a free record, we granted those motions and ordered the preparation of a partial record in order to permit our review of the trial court's denial based on its finding that appellant failed to show that he was indigent and, therefore, entitled to such relief.[2] See Ethridge

---

[2] In doing so, we followed our previously employed procedure for docketing and disposing of appeals from adverse indigence determinations. See Ham v. State, 301 S.W.3d 930, 931 (Tex.App.—Amarillo 2009, order) (per curiam); see also TEX. R. APP. P. 12.2(c) ("All notices of appeal filed in the same case must be given the same docket number."). It would appear that the intermediate appellate courts have come to the

v. State, No. 07-12-00524-CR, 2013 Tex. App. LEXIS 1062 (Tex.App.—Amarillo Feb. 5, 2013 order) (per curiam). Counsel for both parties have submitted briefs addressing the propriety of the trial court's determination on indigence. After considering the arguments raised and the record on the issue of indigence, we affirm the court's order denying appellant's motions for appointed appellate counsel and a free record.

Standard of Review and Applicable Law

A defendant is "indigent" in the context of appointment of appellate counsel if he is "not financially able to employ counsel." See TEX. CODE CRIM. PROC. ANN. art. 1.051(b) (West Supp. 2012). To be entitled to the appellate record without charge, a defendant must be unable to "pay or give security for the appellate record." See TEX. R. APP. P. 20.2. These two issues are discrete inquiries, but the same factors apply to both determinations. McFatridge v. State, 309 S.W.3d 1, 5–6 (Tex.Crim.App. 2010). A trial court may consider the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, spousal income available to the defendant, and the ability to post bail insofar as that ability reflects the defendant's financial circumstances as measured by the other factors. Id. at 6; Whitehead v. State, 130 S.W.3d 866, 878 (Tex.Crim.App. 2004). The trial court may also consider a defendant's ability to borrow money as the court determines how the defendant's assets and property relate to the ability to pay, but a defendant should not be required to borrow money that can never be repaid

consensus on the general proposition that review of a trial court's indigence determination in a criminal case is a matter ancillary—not separate—to the appeal of the merits of the conviction and sentence. See, e.g., id.; Duncan v. State, 158 S.W.3d 606, 607 (Tex.App.—Waco 2005, order) (per curiam); Ramirez v. State, Nos. 04-00-00031-CR, 04-00-00037-CR, 04-00-00199-CR, 2000 Tex. App. LEXIS 4110, at *2 (Tex.App.—San Antonio June 21, 2000, order).

without depriving him of the necessities of life. See Whitehead, 130 S.W.3d at 878. The expense involved in hiring counsel and paying for the appellate record is also a valid consideration. Id.

The trial court determines indigence on a case-by-case basis as of the time the issue is raised and not as of some prior or future time. See id. at 874 (quoting Gray v. Robinson, 744 S.W.2d 604, 607 (Tex.Crim.App. 1988) (en banc)). The trial court follows a two-step process to determine the issue of indigence: (1) the defendant must make a *prima facie* showing of indigence, and (2) once the defendant makes a *prima facie* showing of indigence, the burden shifts to the State to show that the defendant is, in fact, not indigent. See id. (citing Snoke v. State, 780 S.W.2d 210, 213 (Tex.Crim.App. 1989) (per curiam)). In determining whether the defendant has made a *prima facie* showing of indigence, "the trial court does not have the nearly unfettered discretion seen in other contexts to simply disbelieve the defendant's evidence of indigence." Id. at 875. Rather, the trial court may disbelieve a defendant's allegation of indigence only if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or inadequate. See id. at 876.

If a defendant makes a *prima facie* showing of indigence, a trial court's determination that the defendant is not indigent may be upheld on appeal only if the record contains evidence supporting this determination. See McFatridge, 309 S.W.3d at 6. A reviewing court may uphold a trial court's denial of indigent status only if it finds that the trial court, having utilized the two-step process, "reasonably" believed that the defendant was not indigent. Id. (citing Whitehead, 130 S.W.3d at 879).

Analysis

At the hearing on indigence, appellant testified that he worked as a seasonal landscaper and, that during certain months, he worked forty-five to fifty hours a week earning $11.00 per hour. During off-season months, he testified, he worked far fewer hours, estimating about twenty hours per week. Futhermore, appellant testified he is unmarried and has no dependents.

In his affidavit, appellant claimed as a liability repayments to his mother and step-father for a tuition loan, but, at the hearing, he revealed that he had not yet undertaken repayment of that loan, that the loan had not been made to him; in fact, tuition had not been paid on his behalf because he was not, nor had he ever been, enrolled in college. There was also some confusion in his testimony regarding the claimed expense of $100 per month for his work uniform; at one point, he said that the landscaping company for which he worked actually provided the uniforms for work, but he also seemed to suggest that they withheld an amount as a deposit to secure the return of the uniforms. All things considered, the evidence concerning the claimed $100 per month as a uniform expense was confused and inconsistent. Additionally, when asked at various points during the hearing for documents, such as bank statements or cancelled checks, to substantiate his claims relating to indigence, appellant responded that he did not bring them to court, although he admitted that the trial court directed him to do so.

Appellant failed to produce any evidence to support his claim that he paid $200 to his mother and step-father in rent or that he paid $100 per month for his portion of the family's cell phone bill. Nor could he answer questions regarding the amount he still owed to his mother and step-father for previously incurred legal expenses, despite the

5

fact that he claimed as a liability $300.00 per month as repayment to them for those legal expenses. Finally, he added at the hearing that, pursuant to a pending plea bargain offer in connection with criminal cases pending in Lynn County, he would have to pay $645 in fines and court costs, $720 in probation fees, and over $1900 in restitution. Later in the hearing, however, he admitted that his father's insurance would pay for the $1,900 in restitution and that, in fact, he would not have to pay that amount.

In its findings of fact and conclusions of law, the trial court noted many of these inconsistencies, contradictions, the unreliable or suspect nature of many of appellant's claimed liabilities, and appellant's failure to provide documentary evidence of many of them, despite acknowledging that he was instructed to do so. The trial court also found that there was a discrepancy between the income reported on appellant's affidavits of indigence and his testimony at the hearing: "Additional liabilities and income used to pay those liabilities that were testified to[] were not accounted for in the forms which creates a question of how much additional unstated income he may have and casts doubt on the reality of the defendant's documentary evidence and testimony." Further, the trial court noted in its findings of fact and conclusions of law that some of the claimed expenses were deemed "nonessential," citing, as an example, the claimed expense of $175 per month for entertainment. Ultimately and in light of the inconsistent and undocumented claims regarding his income and expenses, the trial court denied appellant's claim of indigence and attendant requests for appointed counsel and a free record.

The trial court noted and we agree that much of appellant's testimony at the hearing contradicted the figures and representations to which he swore in his affidavits. To illustrate, we point to the prospective tuition loan repayment. When appellant

6

claimed as an expense a $200-per-month payment on a loan which had not been made for tuition which had not been paid for college classes in which he had never been enrolled, the trial court had a reasonable and articulable basis for disbelieving appellant's evidence in support of his claimed indigence. See Jessop v. State, No. 03-10-00393-CR, 2011 Tex. App. LEXIS 455 (Tex.App.—Austin Jan. 19, 2011, pet. dism'd, improvidently granted) (mem. op., not designated for publication) (noting discrepancy between affidavit in which appellant claimed $650 expense for vehicle loan and insurance and his later testimony that he did not make insurance payments and observing that "[t]he magnitude of the discrepancy calls into question appellant's credibility generally").

Perhaps, if we were to consider only appellant's affidavits of indigence, we could conclude that he made a *prima facie* showing of indigence; however, when we examine the record of the hearing in its entirety, we cannot say that the trial court was unreasonable in finding that appellant did not make a *prima facie* showing that he was indigent, especially in light of appellant's failure to garner supporting evidence that would support his claimed expenses, despite the fact, which he acknowledged, that the trial court instructed him to do so. And while the trial court does not have "the nearly unfettered discretion" to simply disbelieve appellant's evidence, here, the record contains reasonable and articulable bases for disbelieving appellant's claim of indigence and for determining that appellant failed to make a *prima facie* showing of present indigence. See Whitehead, 130 S.W.3d at 875–76. And the trial court articulated those bases in its findings of fact and conclusions of law, finding that "[s]ome claimed liabilities were unfounded and some were non-essential" and that appellant's affidavits of

7

indigence were "uncompelling and inconsistent when considered in light of his testimony."

We affirm the trial court's order overruling appellant's motions for a free record and appointed counsel. In our previous order issued in this case, we abated the portion of the pending appeal in which appellant had sought review of the merits of his conviction and sentence in trial court cause number 10,707 until such time as we resolved the indigence issue, issued further orders relating to the reinstatement or alternate disposition of the abated portion of the case, and reconfigured the applicable appellate timetables. See Ethridge, 2013 Tex. App. LEXIS 1062, at *4–5. By this order in which we resolve the issue of indigence, we also hereby reinstate the abated portion of the appeal and move it to our active docket. Subject to extension for good cause shown, appellant has thirty days from the date of this order to pay or make satisfactory arrangements to pay for the clerk's and reporter's records in the substantive portion of his appeal.

It is so ordered.

Per Curiam

Do not publish.