

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0514-17

## FERNANDO SMITH, Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## CORYELL COUNTY

**NEWELL, J., delivered the opinion of the Court in which KELLER, P.J., KEASLER, HERVEY, ALCALA, RICHARDSON, YEARY and WALKER, JJ., joined. KEEL, J., concurred.**

### O P I N I O N

Appellant, Fernando Smith, filed a notice of appeal after he was adjudicated and sentenced in open court. While his appeal was pending (and before he filed his brief), Smith filed a motion for shock probation in the trial court. When the trial court granted the motion, Smith attempted to appeal that as well, relying upon the general notice of

appeal he had filed before he filed his motion for shock probation. The court of appeals dismissed Smith's appeal because he did not file a separate notice of appeal after the order granting shock probation. As discussed below, the appeal of an order granting shock probation is independent of an appeal from adjudication and formal sentencing. In other words, the general notice of appeal from adjudication and sentencing does not act as a place holder notice for any appealable order that comes from the trial court's actions thereafter. In the absence of a notice of appeal from the order granting shock probation, the court of appeals properly dismissed the appeal. We will affirm.

## Procedural History

Smith pleaded guilty to family violence assault by choking, which is a third degree felony. The trial court deferred adjudication and placed Smith on community supervision for five years. No restitution was ordered. His terms of supervision were modified multiple times, but never included a restitution condition. Later, Smith was adjudicated guilty and sentenced to five years in prison. At that point sentencing was complete. The trial court certified that the case "is not a plea-bargain case, and the defendant has the right of appeal." Smith timely filed a notice of appeal of that judgment.

The court of appeals received Smith's notice and docketed the appeal. Five months after the appeal had been docketed but before Smith had filed any appellate brief, he filed a motion for shock probation. Smith was bench warranted from TDCJ back to the trial court for a hearing. The trial court granted the motion.

> THE COURT: Well, what the Court is going to do, due to the fact that you were [on] probation for almost a period of five years previously, which was the period of your probation you're revoked, I'm going to continue to place you on probation. You were sentenced to five years. I am now going to probate that five year sentence for two years –
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: –from today's date. You will be under the terms and conditions of supervision that you were previously on.
>
> ***
>
> THE COURT: Everything will remain the same previously and any fines, court cost, or anything else previously assessed will be. If there's restitution–
>
> MS. SPEER [State]: I don't think there was any restitution.
>
> THE COURT: Anything that was previously ordered by the Court will be ordered. Now, do you agree that . . . Your attorney requested shock probation. You've been given shock probation. Do you have any objection to that?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: All right. Good enough. Go with probation at this time.

The judge signed a new "judgment adjudicating guilt" memorializing that the five year sentence was now probated for two. Smith signed a document listing the conditions of his probation. One condition ordered restitution in the amount of $2,045.00. No certification of the right to appeal this new "judgment" appears in the record. Smith did not file a second notice of appeal. Instead, he filed a brief in the court of appeals challenging the amount of the ordered restitution and pointing out some inaccuracies in the new judgment. He asked that the appeal be abated and the case be remanded to the trial court for a restitution hearing.

The court of appeals asked Smith to address whether it had jurisdiction to consider the appeal given that no new notice of appeal of the shock probation "judgment" was filed. Smith argued, among other things, that his notice of appeal could be treated as a premature notice of appeal under Rule 27.1 of the Rules of Appellate Procedure, because it was filed after the trial court made a finding of guilt but before his sentence was suspended in open court. The court of appeals held that it lacked jurisdiction over the appeal.[1] It did so because, in this case, the trial court issued a new judgment rather than an order, and no new notice

---

[1] *Smith v. State*, 518 S.W.3d 641 (Tex. App.—Waco 2017).

of appeal had been filed from that new judgment.[2]

Elaborating, the court held that "there was effectively a new sentencing hearing and an entirely new and complete judgment signed by the trial court rather than merely an order that suspended the sentence set out in the prior judgment and enunciated the conditions of community supervision."[3] The appeal of the first/original judgment was therefore moot.[4] According to the court of appeals, "Any complaint about the shock probation judgment will be the subject of an appeal about that judgment. But to complain about that judgment, a defendant must file a notice of appeal directed at the new judgment."[5]

The court of appeals also rejected Smith's Rule 27.1-based argument because "a prematurely filed notice of appeal has been held to be one that is filed in the time period after the jury's verdict and before sentence is imposed."[6] On discretionary review, Smith asks this Court, "When a defendant files a timely notice of appeal from a judgment

---

[2] *Id*. at 645.

[3] *Id*. at 643 n.1.

[4] *Id*. at 645 ("Smith's appeal of the May 29, 2015 judgment is dismissed because that judgment was rendered moot by the October 14, 2015 judgment.").

[5] *Id*.

[6] *Id*. at 644.

adjudicating his guilt and is later placed on shock community supervision, to complain on appeal about a condition of that community supervision must he file a new notice of appeal?" Yes. He must.

## Perfecting Appeal

The Texas Rules of Appellate Procedure govern the perfection of appeal. The *Boykin* plain language strictures do not apply to the interpretation of court rules; appellate courts may consider extratextual sources even absent ambiguity or absurd results.[7] But the plain language is a good place to begin.[8] We turn to that language.

To invoke the court of appeals' jurisdiction, a defendant must timely file a notice of appeal.[9] According to Rule 26.2(a), a criminal defendant's notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.[10]

---

[7] *Donovan v. State*, 68 S.W.3d 633, 635 (Tex. Crim. App. 2002).

[8] *Id.*

[9] TEX. R. APP. P. 25.2(b). *See also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

[10] TEX. R. APP. P. 26.2(a).

So Rule 26.2(a) contemplates two events that can start the appellate clock running. The first is the imposition or suspension of sentence in open court; that event sets the appellate timetable for an appeal of a conviction and sentence in motion.[11] The second is the entry of "an appealable order"; that event sets the appellate timetable for the appeal of a specific, appealable order in motion.[12]

While a late notice of appeal fails to invoke the jurisdiction of a court of appeals, an early notice of appeal may be considered timely under certain circumstances. According to Rule 27.1(b), in criminal cases,

> a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.[13]

Premature notice rules ensure that a party will not be denied its appeal

---

[11] *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

[12] *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006); *State v. Rosenbaum*, 818 S.W.2d 398, 402-03 (Tex. Crim. App. 1991).

[13] Tex. R. App. P. 27.1(b).

just because it mistakenly files its notice too quickly.[14]   Such rules are often invoked in both civil and federal law, where deadlines run from entry of order or judgment, rather than announcement.[15]  By comparison, Texas Rule 27.1(b) rarely comes into play given that the appellate timetable for an appeal from a conviction and sentence begins to run from the pronouncement of sentence in open court.  Of course, rarely does not mean never.  A few applications of Rule 27.1(b) have arisen in Texas criminal cases.

One court of appeals has held that a notice of appeal, filed after this Court issues an opinion (granting an out-of-time appeal) but before it issues its mandate, qualifies as a prematurely filed notice of appeal under Rule 27.1(b); appellate deadlines were to be calculated "as if the sentence had been imposed on the date on which the mandate of this

---

[14] *See, e.g., Panelli v. State*, 709 S.W.2d 655, 656 (Tex. Crim. App. 1986) (applying Tex. R. Civ. P. 306c to give effect to notice of appeal); *Mayfield v. State*, 627 S.W.2d 474, 475 (Tex. App.—Corpus Christi 1981, no pet.) (per curiam) (noting application of Tex. R. Civ. P. 306c "will permit an appellant who fully intended to appeal the right to appeal without being held accountable to a 'technicality'").

[15] *See, e.g.*, Tex. R. App. P. 26.1 (notice of appeal must be filed within 30 days after the judgment is signed); Tex. R. App. P. 27.1(a) (prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal); Fed. R. App. P. 4(b)(2) (notice of appeal filed after the court announces a decision, sentence, or order–but before the entry of the judgment or order–is treated as filed on the date of and after the entry).

Court issues."[16]  But another court of appeals has held, in an out-of-time appeal case, that a notice of appeal filed before this Court issues an opinion does not qualify as a prematurely filed notice of appeal under Rule 27.1(b).[17]  And, Rule 27.1(b) has been applied to give effect to a State's notice of appeal after the trial court orally sustained a habeas claim of double jeopardy but before the trial court signed the order reflecting the oral grant of relief.[18]

By the plain language of Rule 27.1(b), a notice filed after adjudication but before sentencing is effective to perfect an appeal of both.  But, as courts of appeals have reasonably interpreted this rule, if a party seeks to appeal an issue (requiring a separate appealable order independent from the conviction and sentence) that the trial court has not yet decided, then Rule 27.1(b) should not operate to vest the court of appeals with jurisdiction over that appeal.  With these rules and cases in mind, we turn to the issue whether an appeal of the grant of shock probation was perfected here.

---

[16] *Gipson v. State*, 268 S.W.3d 862, 864 (Tex. App.—Waco 2008, no pet.) (quoting *Ex parte Gipson*, No. AP-75,907, 2008 WL 1930672, at *1 (Tex. Crim. App. Apr. 30, 2008)).

[17] *Franks v. State*, 219 S.W.3d 494, 496 (Tex. App.—Austin 2007, pet. ref'd).

[18] *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

## Shock Probation Is Granted Through an "Order"

When we recognized a defendant can appeal a grant of shock probation, we noted what the parties recognize here: "shock" probation will be granted pursuant to an order on a motion, usually well after the written judgment has been entered.[19]  A shock probation hearing is not a new trial on punishment.  A trial judge has no authority to issue a new judgment and sentence some five months after adjudication.[20]  The only way in which the trial court's subsequent "judgment" in this case may be understood as being permitted by law is as a written order granting Smith's motion for shock probation by suspending execution of the sentence.[21]

---

[19] *Shortt v. State*, 539 S.W.3d 321, 324 (Tex. Crim App. 2018) (statutory scheme does not contemplate that the trial court enter a new judgment, but simply that it grant or deny the motion pursuant to its continuing jurisdiction to consider, and if appropriate, grant, community supervision); Appellant's Br. 17-18 ("The fact that there are two separate proceedings resulting in two separate judgments seems to have troubled the lower court . . . . But it is unclear why this distinction should make a difference when, whether by order or judgment, the result is the same: the suspension of the earlier sentence and the placement of the defendant on shock community supervision.  In either case, the original judgment and sentence were complete, subject to modification . . . ."); State's Br. 21 ("The Tenth Court characterized the Judgment as an entirely new and complete Judgment. But, when a trial court grants shock probation under the provisions of Article 42.12 § 6(a), it suspends the execution, rather than the imposition, of the sentence. Rather than entering a new judgment, it merely is suspending the sentence of the existing Judgment.").

[20] Tᴇx. R. Aᴘᴘ. P. 21.8 (court must rule on motion for new trial within 75 days of sentencing or motion will be deemed denied); *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987).

[21] We hinted as much in *Shortt* when we observed, "To avoid . . . confusion, we could hold that the appeal from the order granting 'shock' community supervision is independent of

As both parties acknowledge, when construing an order, we consider the substance of it and not just the label attached to it.[22] An appellate court, in order to determine its jurisdiction, must look to the effect of any orders concerning an indictment or information, not what the trial court or the parties at trial have labeled such orders.[23] And a grant of shock probation is an order that suspends the execution of a previously-pronounced sentence by placing the defendant on community supervision. It is appealable by either party.[24] Even though the order in this case was labeled as a new judgment, it was nevertheless a court order granting shock probation.

### Rule 27.1(b) Does Not Apply Here

It is undisputed that no notice of appeal was filed from the order granting shock probation. Smith asserts, however, that the notice of appeal he filed after adjudication and sentencing–five months prior to

---

the appeal from the original written judgment–a separate appeal of the order suspending the *execution* of the sentence, with its own appellate timetable, but subject to being consolidated with the appeal from the original written judgment." 539 S.W.3d at 326.

[22] *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016).

[23] *State v. Moreno*, 807 S.W.2d 327, 332-33 (Tex. Crim. App. 1991).

[24] *State v. Hanson*, ___ S.W.3d ___ , 2018 WL 3133690, at *2 (Tex. Crim. App. June 27, 2018); *Shortt*, 539 S.W.3d at 326; *State v. Robinson*, 498 S.W.3d 914, 919 (Tex. Crim. App. 2016).

being put on shock probation–can be treated as a prematurely filed notice of appeal of the order granting shock probation. According to Smith, the "notice of appeal was filed after his conviction but before his sentence was suspended."[25] And, as set out above, in criminal cases, "a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is . . . suspended in open court" so long as it is filed after the trial court makes a finding of guilt.[26]

But Smith is not appealing his conviction and sentence.[27] He's appealing a stand-alone, appealable order.[28] Just as the phrase "imposes or suspends" in Rule 21.4–the rule governing motions for new trial–applies to formal sentencing, so too does the phrase "imposed or suspended" in Rule 27.1.[29] The use of the phrase in both rules indicates

---

[25] Appellant's Br. 22.

[26] TEX. R. APP. P. 27.1(b).

[27] *See* Tex. Code Crim. Proc., art. 44.02 (setting out a defendant's general right to appeal a final judgment). *See also Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (noting that a defendant has a right to appeal from a final judgment of guilt or other appealable order).

[28] *See Shortt*, 539 S.W.3d at 324-25 (recognizing that statutory provision regarding appeal of placement on community supervision is broad enough to accommodate an appeal of the conditions of probation imposed by an order granting shock probation).

[29] TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). *See also Donovan*, 68 S.W.3d at 636 (motion for new trial does not lie absent an adjudication because when adjudication is deferred, there is no conviction, and therefore, there is nothing that can be set aside so as to create an occasion for implementation of Rule 21).

an application to an appeal of a conviction and sentence, not to a separate appealable order. In Rule 27.1(b) the phrase does not encompass an appeal of a subsequent appealable order signed by the trial court granting shock probation. We agree with the courts that have rejected the concept that a premature notice of appeal could be used as an appellate place holder for any appealable order that might be entered later.

For example, in *Manrique v. United States,* the Supreme Court interpreted the federal premature notice rule and held that a single notice of appeal from an initial judgment deferring the determination of the restitution amount is not sufficient to invoke appellate review of a later-determined restitution amount in an amended judgment.[30] The Court rejected the argument that, under the premature notice rule, the notice "springs forward" to become effective on the date the district court entered the amended judgment imposing restitution.[31] And, in *Marshall v. Commissioner Pennsylvania Department of Corrections*, the Third Circuit Court of Appeals recognized that the federal premature notice rule does not permit the ripening of a notice of appeal filed before the district

---

[30] 137 S. Ct. 1266, 1273 (2017).

[31] *Id.*; FED. R. APP. P. 4(b)(2).

court announces the decision sought to be challenged.[32] Rather, relying upon the Supreme Court decision in *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, the court explained that the rule permits a premature notice of appeal from a bench ruling to relate forward to judgment and serve as an effective notice of appeal from the final judgment.[33] The rule is intended to protect an unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be final.[34]

Of course, the Texas rule allows a notice filed between conviction and sentencing to perfect an appeal of both conviction and sentencing. Still, we have made clear that in Texas, appeals from convictions, and appeals from orders, are two different things. As we stated in *Rodarte v. State*, addressing what is now Rule 26.2,

> That Rule 41(b)(1) provides for notice of appeal within thirty days of imposition or suspension of sentence in open court "or" the signing of an appealable order does not mean that *either* event will trigger the running of the thirty days in *any* case in which a party has occasion to appeal. The "or" in Rule 41(b)(1) is not inclusive; rather, it is context dependent. That is to say, deciding which of the two starting points for

---

[32] 840 F.3d 92, 95-96 (3d Cir. 2016).

[33] *Id.* at 95 (quoting *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co,* 498 U.S. 269, 276 (1991)).

[34] *Id.*

calculating timeliness of the notice of appeal applies depends upon what is being appealed. In the "ordinary" appellate context, where the defendant appeals a judgment of conviction, the thirty days begin to run on the day sentence is imposed or suspended in open court—unless appellant files a motion for new trial, in which case he is provided ninety days from the day sentence is imposed or suspended in open court to file his notice of appeal. In other appealable criminal cases—appeal by the State under Article 44.01, supra, and appeal from an adverse order after the issuance of a writ of habeas corpus other than a post-conviction application for habeas corpus brought under Article 11.07, —the timetable for notice of appeal begins on the day of the signing of the appealable order, e.g., the order dismissing the indictment, granting a new trial, suppressing evidence, or denying habeas corpus relief.[35]

Other examples of appealable orders that require a notice of appeal include: an order entering a *nunc pro tunc* judgment[36]; an order setting bail while on appeal[37]; and an order denying a motion for post-conviction DNA testing.[38]  None of these appeals arise in the "ordinary" appellate context.  Neither does a complaint about excessive restitution, imposed as a condition of shock probation.  Such appeals are separate from the appeal of the conviction itself and must be perfected by a separate notice

---

[35] 860 S.W.2d 108, 109–10 (Tex. Crim. App. 1993) (citations omitted).

[36] *Blanton v. State*, 369 S.W.3d 894, 896 (Tex. Crim. App. 2012).

[37] *Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

[38] *In re Johnston*, 79 S.W.3d 195, 197 (Tex. App.—Texarkana 2002, no pet.).

of appeal.[39]

In these situations, the timetable for filing a notice of appeal is triggered by the signing of the appealable order.[40]  By its language, Rule 27.1(b) can apply to appealable orders outside the "ordinary" appellate context; but in those circumstances, a motion that would give rise to that appealable order must at least have been filed.[41]  As the Waco court of appeals observed when considering an application of Rule 27.1 to a civil case, "there is nothing in Rule 27.1 or the remainder of the Rules of Appellate Procedure that indicate, and the clear implication is to the contrary, that a notice of appeal can be filed in anticipation of an appeal that may be somewhere in the indefinite future."[42]  In this case, Smith's

---

[39] *See Delangel*, 132 S.W.3d at 494 (recognizing that because trial court necessarily sets appeal bond after final judgment, a complaint about excessive bail is separate from appeal of the conviction and punishment and must be perfected by a separate notice of appeal); *cf. Ham v. State*, 301 S.W.3d 930, 931 (Tex. App.—Amarillo 2009, no pet.) (holding that a separate notice of appeal is unnecessary to consider an appeal from an order denying a motion for a record at State expense because it is ancillary to the appeal challenging a judgment of conviction and punishment).

[40] *Rosenbaum*, 818 S.W.2d at 402-03.

[41] *See, e.g., Crenshaw*, 25 S.W.3d at 764; *State v. Rollins*, 4 S.W.3d 453, 454 n.1 (Tex. App.—Austin 1999, no pet.) (where State files notice of appeal from an order dismissing an indictment before the order is signed, the notice becomes effective upon the signing of the order).

[42] *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied).  *See also Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 492-93 (Tex. App.—Austin 2007, no pet.) (Tex. R. App. P. 25.1(f) does not allow an appellant to alter its notice of appeal from appealing one interlocutory order to appealing an entirely separate interlocutory order; "Rainbow Group cannot now transform its December 27 notice of appeal (of the November 23 order) into a timely notice of appeal of the December 19 order because this is not the type of

notice of appeal, filed before he even moved for shock probation, did not sufficiently invoke the court of appeals' jurisdiction over the separate appealable order granting shock probation.[43]

We also reject Smith's argument that the same concerns motivating this Court's liberal construction of Rule 27.1 in *Kirk v. State* are present here.[44] In *Kirk*, we recognized that the rule regarding motions for new trial imposes a time limit only on the granting of a new trial, not the rescinding of such a grant.[45] Thus, a trial judge could rescind an order granting a motion for new trial even after 75 days following judgment. To prevent the late reinstatement of a judgment from depriving a party of the ability to appeal, we held that

> rescinding an order granting a new trial outside the seventy-five-day time limit results in re-calculating appellate timetables. In that situation, the rescinding order shall be treated as an "appealable order" under Texas Rule of Appellate Procedure 26.2, and appellate timetables will be calculated from the date of that order. If the defendant previously filed a notice of appeal with respect to the trial court's judgment of conviction, that notice shall be treated as a prematurely filed notice of appeal with respect to the rescinding order, and the defendant will be entitled to appeal,

---

amendment that Rule 25.1(f) was designed to accomplish.").

[43] Tex. R. App. P. 25.2(b). *See also Olivo*, 918 S.W.2d at 522.

[44] 454 S.W.3d 511 (Tex. Crim. App. 2015).

[45] *Id*. at 515.

not only the trial court's decision to rescind the order granting a new trial, but also any issue that he could have appealed if the motion for new trial had never been granted.[46]

So too then, Smith argues, a previously filed notice of appeal of the judgment of conviction should be treated as a prematurely filed notice of appeal of the shock probation order.

But the concern in *Kirk* was not the loss of the appeal of the rescinding order, which could be perfected with a new notice directed at that appealable order. Rather, it was the potential loss of the appeal of the reinstated judgment. The defendant in *Kirk* had actually filed a motion to dismiss his appeal on the ground that the trial court's order rescinding the grant of the motion for new trial on punishment was untimely.[47] Conversely, Smith's right to appeal the adjudication and sentence in this case has never been in jeopardy. Our interpretation of Rule 27.1(b) here does not place it there.

## Conclusion

Just as a general notice of appeal filed after pronouncement of sentence would not invoke appellate jurisdiction over a later denial of a

---

[46] *Id*. (citations omitted).

[47] *Id*. at 512. The court of appeals obliged the defendant by granting the motion to dismiss the appeal. *Id.*

motion for DNA testing, a general notice of appeal does not invoke appellate jurisdiction over an order granting shock probation either.[48] The appeal of an order granting shock probation is independent of an appeal from adjudication and sentencing. It is a separate appeal of a separate appealable order, with its own appellate timetable. It requires a separate notice of appeal. In the absence of a timely notice of appeal, the court of appeals properly dismissed Smith's appeal.

Delivered: September 26, 2018

Publish

---

[48] *See Manrique*, 137 S. Ct. at 1271 ("Petitioner filed only one notice of appeal, which preceded by many months the sentence and judgment imposing restitution. His notice of appeal could not have been 'for review' of the restitution order[.]").