

# NUMBER 13-19-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ISRAEL GONZALES,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

## On appeal from the 156th District Court
## of Bee County, Texas.

# ORDER

### Before Justices Benavides, Longoria, and Perkes
### Order Per Curiam

Appellant Israel Gonzales filed a notice of appeal from cause number B-17-2164-0-CR-B in the 156th District Court of Bee County, Texas after the trial court orally denied his application for habeas corpus relief. On September 19, 2019, this Court dismissed the appeal on grounds there was no final appealable judgment. S*ee Gonzales v. State*, No. 13-19-00308-CR, 2019 WL 4493703, at \*1 (Tex. App.—Corpus Christi Sept. 19, 2019, no pet. h.) (mem. op., not designated for publication). Appellant has now filed an

amended motion for rehearing on grounds that the trial court has now rendered a judgment that is subject to appeal. According to a supplemental clerk's record, the trial court denied appellant's application for writ of habeas corpus by final judgment signed on October 10, 2019.

While a late notice of appeal fails to invoke the jurisdiction of a court of appeals, an early notice of appeal may be considered timely under certain circumstances. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018). The Texas Rules of Appellate Procedure provide:

> In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

TEX. R. APP. P. 27.1(b). This rule ensures "that a party will not be denied its appeal just because it mistakenly files its notice too quickly. *Smith*, 559 S.W.3d at 531.

The Court, having fully examined and considered appellant's amended motion for rehearing is of the opinion that, in the interest of justice, appellant's amended motion for rehearing should be granted. *See* TEX. R. APP. P. 27.1(b); Smith, 559 S.W.3d at 531. Accordingly, we withdraw our previous opinion and judgment. Said cause remains pending before the Court. The appeal will proceed in accordance with the timelines established by the Texas Rules of Appellate Procedure. All remaining pending motions are dismissed as moot.

It is so ORDERED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of October, 2019.