

# Fourth Court of Appeals
## San Antonio, Texas

November 6, 2019

No. 04-19-00653-CR

Jordan **CRANE,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2002CR7712
Honorable Andrew Wyatt Carruthers, Judge Presiding

# O R D E R

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). In this case, the trial court signed a certification stating that this appeal involves "a determination regarding incompetency to stand trial and neither the State nor Defense is entitled to an interlocutory appeal." However, the trial court's certification in this case appears to be inaccurate.

On March 5, 2003, the trial court entered an order finding appellant not guilty of the offense of aggravated assault with a deadly weapon by reason of insanity. On August 29, 2019, the trial court signed an order requiring appellant to submit to an examination for purposes of determining mental illness. On September 5, 2019, appellant filed a notice of appeal.[1] On September 12, 2019, the trial court signed an order modifying its previous order for outpatient mental health treatment and committing appellant to inpatient mental health treatment for a period not to exceed twelve months.

The trial court's September 12, 2019 order is an appealable order under article 46C.270(b)(1),(4) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN.

---

[1]Although prematurely filed, appellant's notice of appeal was effective and deemed filed on September 12, 2019. *See* TEX. R. APP. P. 27.1(b) (stating a prematurely filed notice of appeal is deemed filed on the same day, but after, the appealable order is signed by the trial court); *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018) ("Premature notice rules ensure that a party will not be denied its appeal just because it mistakenly files its notice too quickly.").

art. 46C.270(b)(1),(4) (providing that a person acquitted by reason of insanity may appeal from an order of commitment to inpatient treatment and an order modifying or revoking an order for outpatient treatment). Therefore, the trial court's certification stating appellant does not have the right to appeal is defective.

Pursuant to Rule 25.2(d), this appeal may not proceed on the merits in the absence of a certification by the trial court that the defendant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). To "ensur[e] that [appellant's] right to appeal is not abridged due to 'defects or irregularities' which can be corrected," we **ABATE** this appeal to allow the trial court to review the record and to submit an amended Rule 25.2 certification that comports with the record. *See Dears*, 154 S.W.3d at 614-15; TEX. R. APP. P. 37.1. We **ORDER** the trial court clerk to file a supplemental record containing any amended certification signed by the trial court not later than **November 25, 2019**.

We **ORDER** the clerk of this court to serve copies of this order on the attorneys of record, the trial court judge, and the trial court clerk.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of November, 2019.

_____
MICHAEL A. CRUZ,
Clerk of Court