# NO. 12-20-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 123RD* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *CHARLES D. DEARING, JR.* | § | *SHELBY COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Charles D. Dearing, Jr., acting pro se, filed a notice of appeal stating his desire to appeal the denial of his pretrial application for writ of habeas corpus. However, the record does not reflect that the trial court denied the application or has taken any other action on the application. "N/A" is typed next to the "judgment or appealable order signed" category on the case information sheet filed by the Shelby County District Clerk's Office.

On February 7, 2020, the Clerk of this Court notified Appellant that the notice of appeal does not show the jurisdiction of this Court. Specifically, there is no final judgment or appealable order contained therein. The notice further informed Appellant that the appeal would be dismissed unless the notice of appeal was amended on or before March 9 to show this Court's jurisdiction. Appellant filed a response and an amended notice of appeal, neither of which demonstrates the jurisdiction of this Court.[1]

As previously stated, there is no indication that the trial court ruled on Appellant's pretrial application for writ of habeas corpus.[2] Absent a written order denying Appellant's habeas

---

[1] Appellant cites Article 11.08 of the code of criminal procedure, which provides in pertinent part, "If a person is confined after indictment on a charge of felony, he may apply to the judge of the court in which he is indicted[.]" TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2005). This Article does not address the jurisdictional issue before this Court.

[2] We also note that the case information sheet reflects that Appellant has appointed counsel in his underlying criminal case, cause number 18CR20415. The District Clerk's Office assigned cause number 19CV35065 to

application, this Court has no jurisdiction over this appeal.[3] *See **Smith v. State***, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018) (timetable for filing notice of appeal is triggered by signing of appealable order); *see also **State v. Sanavongxay***, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012); **Walton v. State**, No. 02-18-00396-CR, 2018 WL 6424242, at \*1 (Tex. App.—Fort Worth Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because appellate court had not received "a written order from the trial court—a prerequisite to appealability"); **Payne v. State**, No. 12-17-00143-CR, 2017 WL 2570829, at \*1 (Tex. App.—Tyler June 14, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal from pretrial habeas application for want of jurisdiction absent written order). Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

Appellant's pro se application for writ of habeas corpus. Although an accused has no absolute right to hybrid representation, a trial court may permit hybrid representation in its discretion. **Scarbrough v. State**, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) (en banc). But the trial court is entitled to disregard any pro se motions presented by a defendant who is represented by counsel. *See **Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also **Melendez v. State***, 467 S.W.3d 586, 591 (Tex. App.—San Antonio 2015, no pet.).

[3] Ordinarily, when there is an oral ruling but no corresponding written order, an appellate court treats the notice of appeal as premature, abates the appeal, and remands the case to the trial court for preparation of an appealable order. **Padilla v. State**, No. 03-18-00065-CR, 2018 WL 3118542, at \*2 n.14 (Tex. App.—Austin June 26, 2018, no pet.) (mem. op., not designated for publication). Here, there is no oral ruling and we cannot construe the notice of appeal as premature. *See* TEX. R. APP. P. 27.1(b) (in criminal cases, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, *or the appealable order is signed by the trial court*); *see also **Smith v. State***, 559 S.W.3d 527, 534 (Tex. Crim. App. 2018) (agreeing with courts that rejected concept that premature notice of appeal could be used as appellate place holder for any appealable order that might be entered later); **Padilla**, 2018 WL 3118542, at \*2-3 (dismissing for want of jurisdiction where trial court had not acted on motion in any manner, much less signed order denying motion).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 28, 2020

NO. 12-20-00035-CR

**EX PARTE: CHARLES D. DEARING, JR.,**

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 19CV35065)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*