

# NUMBER 13-21-00154-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ALBERTO MEDINA,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

## On appeal from the 117th District Court
## of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Alberto Medina, proceeding pro se, filed a notice of appeal from his judgment of conviction for possession of a controlled substance in trial court cause number CR14002709-B in the 117th District Court of Nueces County, Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). We dismiss the appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See id.* R. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

Here, the trial court imposed sentence on April 8, 2021. Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal. Accordingly, appellant's notice of appeal was due within thirty days after the day sentence was imposed in open court, or by May 10, 2021, after giving due consideration in this calculation to Saturday, Sunday, and legal holidays. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. Nevertheless, appellant did not file his notice of appeal until May 18, 2021. Appellant's notice of appeal was not timely filed. *See* TEX. R. APP. P. 26.2(a)(1),(2).

On May 25, 2021, the Clerk of the Court notified appellant that it appeared that his appeal had not been timely perfected so that he could correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect were not cured. *See id.* R. 37.1. Appellant did not file a response to the Clerk's directive or otherwise correct the timeliness of his appeal.

Appellant's notice of appeal was not timely filed. Therefore, we lack jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Ex parte Matthews*, 452 S.W.3d at 11. Accordingly, we dismiss the appeal and all relief sought therein for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of July, 2021.