

# NUMBER 13-20-00272-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FABIAN MARTINEZ PAREDES, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Fabian Martinez Paredes attempted to perfect an appeal from a conviction of murder. *See* TEX. PEN. CODE ANN. § 19.02. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Appellant's sentence was imposed by the trial court on February 12, 2020, and on March 5, 2020, he filed a motion for new trial and motion in arrest of judgment. *See* TEX. R. APP. P. 21.4(a) ("[D]efendant may file a motion for new trial before, but not later than 30 days after, the date the trial court imposes . . . sentence in open court."). He thus had until May 12, 2020, to file his notice of appeal. *See id.* R. 26.2(a)(2), 4.1(a), *see Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018). Nevertheless, appellant did not file his notice of appeal until June 3, 2020. Only July 14, 2020, the Clerk of the Court notified appellant that it appeared his appeal had not been timely perfected so that he could correct the defect, if possible. *See* TEX. R. APP. P. 37.1.

On July 21, 2020, appellant responded to the Clerk by filing a "Motion for Extension of Deadline and Request for Relief under the Supreme Court of Texas Emergency Orders." Appellant asserted that, "[d]espite not being filed within ninety (90) days of the final judgment, [his] Notice of Appeal was timely under the Emergency Orders issued by the Supreme Court of Texas due to COVID-19[,]" and argued that "[t]hough [his] deadline to file his Notice of Appeal was on May 12, 2020, the deadline has been extended pursuant to the Emergency Orders issued by the Supreme Court of Texas." In support of his motion, appellant included the certification of his right to appeal, his notice of appeal, and the Eighteenth Emergency Order Regarding the COVID-19 State of Disaster. *See Eighteenth Emergency Order–Regarding COVID-19 State of Disaster*, 609 S.W.3d 122 (Tex. 2020) (order).

On July 22, 2020, the Clerk of this Court notified appellant that his motion for extension of time failed to comply with Texas Rule of Appellate Procedure 9.4(h) and (j),

and directed appellant to file an amended motion within three days. *See* TEX. R. APP. P. 9.4(h), (j).[1] On July 22, 2020, appellant filed an amended motion for extension of the deadline and request for relief under the Supreme Court of Texas's emergency orders, with the grounds for relief in the motion remaining the same. On August 18, 2020, this Court granted appellant's motion for extension of time to file his notice of appeal. Appellant thereafter filed an amended notice of appeal on August 20, 2020.

On April 11, 2022, the Clerk notified appellant that, after the case had been submitted to the Court, and after fully reviewing the clerk's record and supplemental clerk's records and performing additional research, the Court concluded that it had improvidently granted appellant's motion for extension of time to file the notice of appeal. The Court therefore withdrew and struck its ruling granting the extension of time to file the notice of appeal. The Clerk notified appellant that it appeared that the appeal had not been timely perfected, directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected after the expiration of ten days from the date of the letter. *See id.* R. 26.2, 26.3, 37.1, 37.2. Appellant did not respond to the Clerk's directive or otherwise correct the defect.

## II. TIMELINESS OF APPEAL

Texas Rule of Appellate Procedure 26.2 provides that a criminal defendant's appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the sentence is imposed or suspended in

---

[1] Appellant failed to bookmark his motion for extension, failed to include his attachments as one document, and failed to have his motion text searchable. *See* TEX. R. APP. P. 9.4(h), (j).

open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Smith*, 559 S.W.3d at 531. A motion for new trial is due "before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a); *see State v. Arizmendi*, 519 S.W.3d 143, 150 (Tex. Crim. App. 2017). The time within which to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 10.5(b); TEX. R. APP. P. 26.3; *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Castillo*, 369 S.W.3d at 198 ("Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal."); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also Medina v. State*, No. 13-21-00154-CR, 2021 WL 3085859, at *1 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet.) (mem. op., not designated for publication).

### III.   ANALYSIS

Appellant was sentenced on February 12, 2020, and he filed a motion for new trial on March 5, 2020. Therefore, his notice of appeal was due on May 12, 2020. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Smith*, 559 S.W.3d at 531. Appellant filed an untimely notice of appeal on June 3, 2020. Appellant did not file a motion for extension of time to file his

4

notice of appeal until July 21, 2020. Appellant's motion for extension of time was not filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3; *Castillo*, 369 S.W.3d at 198.

Appellant asserts that his deadline to file the notice of appeal was extended by the emergency orders issued by the Texas Supreme Court. *Eighteenth Emergency Order–Regarding COVID-19 State of Disaster*, 609 S.W.3d at 122. Appellant cites the Eighteenth Emergency Order and refers to paragraphs three and eleven of that order. *See id.* at 122–24. Paragraph three provides that "[s]ubject to constitutional limitations, all courts in Texas may in any case, civil and criminal . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020." *Id.* at 122–23. Paragraph eleven states that "[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and August 1, 2020, is extended until September 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted." *Id.* at 124.

In civil matters, our Court has observed that "the supreme court's emergency orders tolling deadlines explicitly do not apply to deadlines for perfecting appeal." *Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL 6073267, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.); *see also Carrigan v. Edwards*, No. 13-20-00093-CV, 2020 WL 6504418, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2020, pet. denied) (mem. op.) ("[T]he pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely, especially in the absence of any

5

specific explanation for why such extensions are warranted."); *Memon v. Meisner*, No. 13-20-00340-CV, 2020 WL 6343339, at *2 n.2 (Tex. App.—Corpus Christi–Edinburg Oct. 28, 2020, pet. denied) (mem. op.) ("[T]he Texas Supreme Court's applicable order does not require that appellate timetables be extended."). Several of our sister courts have concluded likewise in the criminal context in unpublished memorandum opinions. *See Mitchell v. State*, No. 08-21-00161-CR, 2021 WL 5027756, at *2 (Tex. App.—El Paso Oct. 29, 2021, no pet.) (mem. op., not designated for publication) ("Because the Texas Supreme Court has not granted appellate courts the authority to toll appellate deadlines to perfect an appeal based on COVID-19 complications, we must deny Appellant's request for an extension of the appellate deadline."); *Leoning v. State*, No. 07-21-00224-CR, 2021 WL 4948624, at *1 (Tex. App.—Amarillo Oct. 25, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *Martinez v. State*, No. 01-20-00299-CR, 2021 WL 4432538, at *2 (Tex. App.—Houston [1st Dist.] Sept. 28, 2021, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction where "[a]ppellant requests that we apply the authority granted to the Court by the Texas Supreme Court's Emergency Orders Regarding the COVID-19 State of Disaster to extend the deadline for filing appellant's motion for extension of time to file a notice of appeal"); *Arriola v. State*, No. 04-20-00306-CR, 2020 WL 5214765, at *1 (Tex. App.—San Antonio Sept. 2, 2020, no pet.) (per curiam) (mem. op., not designated for publication) ("Arriola also points to various emergency orders that were in place during the COVID-19 pandemic. However, none of these orders would have extended the deadline in which appellant had to file his notice of appeal.").

Appellant has not expressed, and we do not find, any rationale or rule of law that would allow us to treat criminal appeals differently under the emergency orders. Accordingly, we conclude that the tolling deadlines in the supreme court's emergency orders pertaining to the Covid-19 pandemic do not extend the time to file the notice of appeal in a criminal case. *See Eighteenth Emergency Order–Regarding COVID-19 State of Disaster*, 609 S.W.3d at 122–24; *see generally Castillo*, 369 S.W.3d at 198; *Olivo*, 918 S.W.2d at 522–23. Accordingly, appellant's notice of appeal was untimely. Therefore, we do not have jurisdiction to address the merits of the appeal and must deny appellant's amended motion for extension of time. *See Slaton*, 981 S.W.2d at 210; *see also Medina*, 2021 WL 3085859, at *1.

## IV.    CONCLUSION

We deny appellant's amended motion for extension of time and deny appellant's motion for reconsideration of withdrawal and striking of order granting of motion for extension to time file notice of appeal. We dismiss this appeal for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of April, 2022.

7