**Dismiss and Opinion Filed July 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00511-CR**

**EDRICK PAUL FULLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F21-00491-J**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Edrick Paul Fuller, acting pro se, filed his notice of appeal in this case on May 25, 2022. According to the notice of appeal, he sought to challenge the trial court's February 15, 2022 order denying his pretrial motion to dismiss for lack of subject matter jurisdiction and the trial court's April 25, 2022 order denying his pretrial "Motion to Dismiss Superseding Re-Indictment for Duplicity." After he filed his notice of appeal, the trial court entered an order placing him on deferred adjudication for three years. For the reasons that follow, we dismiss this appeal.

A defendant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). In the

"ordinary" appellate context, a defendant appeals a judgment of conviction. *Smith v. State*, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018) (citing *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993)). In other appealable criminal cases—for example, an appeal by the State under code of criminal procedure article 44.01 or an appeal from an adverse order after the issuance of a writ of habeas corpus other than a post-conviction application for habeas corpus brought under article 11.07—the "timetable for notice of appeal begins on the day of the signing of the appealable order, e.g., the order dismissing the indictment, granting a new trial, suppressing evidence, or denying habeas corpus relief." *Id.* "Other examples of appealable orders that require a notice of appeal include: an order entering a nunc pro tunc judgment; an order setting bail while on appeal; and an order denying a motion for post-conviction DNA testing. None of these appeals arise in the 'ordinary' appellate context." *Id.* Here, the two orders appellant sought to appeal were not "appealable orders;" as a result, we lack jurisdiction over the appeal and must dismiss.

In reaching this conclusion, we recognize that, in the meantime, the trial court entered judgment placing appellant on deferred adjudication probation. Under different circumstances, appellant may have appealed that judgment; however, in this case, appellant entered into a plea bargain agreement with the State. Under the agreement, appellant pleaded guilty to the charged offense and waived his right to appeal in exchange for the State's recommendation that he received three years of deferred adjudication probation. The trial court followed the plea bargain agreement,

placed appellant on deferred adjudication for three years, and certified that appellant waived his right to appeal. Because appellant waived his right to appeal in conjunction with the plea agreement, we lack jurisdiction. *See* TEX. R. APP. P. 25.2(a), (d); *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014) (when appellant voluntarily waives right of appeal to secure benefits of plea bargain agreement, subsequent notice of appeal fails to "initiate the appellate process").

We dismiss the appeal for want of jurisdiction.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

220511f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDRICK PAUL FULLER, Appellant

No. 05-22-00511-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F21-00491-J.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 5th day of July, 2022.