# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00679-CR

**Jason Eric Lenderman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCR85475, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jason Eric Lenderman pleaded guilty on October 17, 2022 to possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.115(d). He has not yet been sentenced. On October 26, 2022, he filed a notice of appeal challenging "the decision and judgment made in the 264th District Court on October 17, 2022."

Texas Rule of Appellate Procedure 27.1(b) provides:

> In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

Tex. R. App. P. 27.1(b); *see Franks v. State*, 219 S.W.3d 494, 497 (Tex. App.—Austin 2007, pet. ref'd) (observing that "a prematurely filed notice of appeal is one that is filed in the time period after the jury's verdict and before sentence is imposed").

Because Lenderman filed his notice of appeal after the trial court accepted his guilty plea but before he was sentenced, we may consider his notice timely. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *see id.* at 532 (noting that "[b]y the plain language of Rule 27.1(b), a notice filed after adjudication but before sentencing is effective to perfect an appeal of both."); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (upholding court of appeals' dismissal where defendant waived right to appeal pursuant to plea bargain that was accepted by trial court but nevertheless attempted to appeal before sentencing). Thus, his premature notice of appeal does not deprive us of jurisdiction.

However, the trial court has certified that this is a plea-bargain case for which Lenderman has no right of appeal and that Lenderman has waived his right to appeal. We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." Tex. R. App. P. 25.2(a)(2), (d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d).[1]

---

[1] In addition, all pending motions are dismissed as moot.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: December 16, 2022

Do Not Publish