

# NUMBER 13-23-00050-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO TAYLOR JR. A/K/A
FRANCISCO GOMEZ TAYLOR JR.
A/K/A FRANCISCO GOMEZ TAYLOR
A/K/A FRANK TAYLOR GOMEZ JR.,                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the 404th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Silva**

On February 6, 2023, appellant attempted to perfect an appeal from a conviction of aggravated assault with a deadly weapon entered in trial court cause number 2021-DCR-2169. We dismiss the appeal for want of jurisdiction.

A sentence in this matter was imposed in open court on December 13, 2022. The judgment of conviction was entered February 6, 2023, and appellant's attempted notice of appeal was filed on the same day. *See* TEX. R. APP. P. 26.2 (setting forth notice of appeal deadlines for criminal cases). On February 9, 2023, the Clerk of the Court notified appellant that it appeared the appeal was not timely perfected. *See id.* Appellant was advised the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. On February 14, 2023, appellant was appointed counsel. On February 15, 2023, the Clerk of the Court notified appellant's new counsel that it appeared the appeal was not timely perfected and advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. On February 28, 2023, appellant's counsel filed a letter response that the appeal was untimely and should be dismissed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc); *see Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *see also* TEX. R. APP. P. 25.2(b). To appeal the imposition of a sentence, the defendant must file a notice of appeal "within 30 days after the day sentence is imposed . . . in open court" or "within 90 days . . . if the defendant timely files a motion for new trial." TEX. R. APP. P. 26.2; *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (concluding when appellant appeals a sentence, time to file notice of appeal runs from date sentence is imposed in open court—not from date on which subsequent judgment is entered); *see Smith*, 559 S.W.3d at 531 ("Rule 26.2(a) contemplates two events that can start the appellate clock

2

running. The first is the imposition or suspension of sentence in open court; that event sets the appellate timetable for an appeal of a conviction and sentence in motion. The second is the entry of 'an appealable order'; that event sets the appellate timetable for the appeal of a specific, appealable order in motion.") (internal citations omitted).

Appellant was sentenced in open court on December 13, 2022, and no timely motion appears in the record to extend appellant's notice of appeal deadline. *See* TEX. R. APP. P. 26.2. Thus, appellant's notice of appeal filed on February 6, 2023, is untimely, and absent a timely filed notice of appeal, this Court is without jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *See Smith*, 559 S.W.3d at 537; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Therefore, this appeal is dismissed for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
27th day of April, 2023.

3