Opinion filed April 10, 2025



In The

# Eleventh Court of Appeals

—————

## No. 11-24-00277-CR

—————

### ELIAS MARTINEZ III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 20114B**

## M E M O R A N D U M   O P I N I O N

Elias Martinez III pleaded guilty to two counts of aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West Supp. 2024). On June 14, 2017, pursuant to a negotiated plea agreement between Martinez and the State, the trial court placed Martinez on deferred adjudication community supervision for a period of ten years. Martinez filed a motion on September 27, 2024 asking the trial court to terminate his community supervision prior to the expiration

of ten years. The trial court denied Martinez's motion, and he filed a notice of appeal in this court. Upon receipt of the notice of appeal, we notified Martinez by letter dated October 22, 2024 that it appeared that the order he was attempting to appeal was not appealable. TEX. R. APP. P. 25.2(a). In the same letter, we informed Martinez that this appeal would be dismissed unless he filed a response showing grounds to continue the appeal. Martinez filed several documents, including an amended notice of appeal in which he asserts that his motion was denied "under incorrect and unfair grounds." None of the documents filed show grounds to continue this appeal.

Appellate jurisdiction must be expressly conferred by statute. *Ex parte Sinclair*, 693 S.W.3d 346, 353–54 (Tex. Crim. App. 2024) (citing TEX. CONST. art. V § 6). Article 44.02 of the Texas Code of Criminal Procedure gives criminal defendants the right to appeal a judgment of guilt—with the exception of certain plea bargain cases—or "other appealable order," as authorized by the legislature. TEX. R. APP. P. 25.2; TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *see also Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Such "other appealable orders" include orders that: dismiss the indictment, grant a new trial, suppress evidence, deny habeas relief, set bail while on appeal, enter a nunc pro tunc judgment, grant shock probation, and deny a motion for post-conviction DNA testing. *See Smith v. State*, 559 S.W.3d 527, 534–35 (Tex. Crim. App. 2018). By contrast, "an order modifying the terms or conditions of deferred adjudication is not in itself appealable." *Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006). Nor is there legislative authority conferring jurisdiction on this court to entertain a direct appeal from an order granting or denying a motion for early termination of deferred adjudication. *See Powell v. State*, No. 05-01-01359-CR, 2002 WL 318318, at *1 (Tex. App.—Dallas Mar. 1, 2002, no pet.) (mem. op., not designated for publication). Therefore, we do not have jurisdiction over Martinez's appeal of the

2

trial court's order denying his motion for early termination of his deferred adjudication.

Accordingly, we dismiss the appeal for want of jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


April 10, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.